Gorman et ux., Appellants, v. Simon Brahm's Sons, Inc.

Argued October 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*C. J. Tannehill,* with him *Leo P. Heid,* for appellants.

*Charles F. Patterson,* for appellee.

PER CURIAM, November 25, 1929:

We adopt the following excerpts from the opinion of the court below:

"This is an action of trespass brought by plaintiffs to recover damages for personal injuries to Catherine C. Gorman (hereinafter called plaintiff), caused by a fall

upon steps in a store owned and conducted by defendant. The entrance to the store from Fourth Avenue [Pittsburgh] is through swinging doors opening into a vestibule from which an ascending flight of nine steps leads to the main floor of the store. On the day of the accident, plaintiff, a customer of defendant, entered the store with her husband, to make some purchases. While they were ascending the steps described, employees of defendant were carrying merchandise, including spinach in open baskets, up the steps to the main floor of the store. Plaintiff and her husband remained in the store for an hour, making purchases, and then started to descend the steps to the street, [when she] stepped upon a quantity of spinach, described as a bunch or handful, lying upon the tread of the upper step. She slipped on this substance and fell down the steps to the vestibule, causing the injuries of which complaint is made. Her husband went to the place from which she fell and found a handful of wet and crushed spinach lying on the upper step.

"The doctrine of res ipsa loquitur has no application to these facts and it was essential that plaintiffs show a failure upon the part of defendant to exercise reasonable care for her safety. The mere presence of the spinach on the step, without more, does not show negligence. This condition may arise in any grocery store or market, in the absence of negligence upon the part of the owner: Markman v. Bell Stores Co., 285 Pa. 378. It was necessary for plaintiffs to prove, therefore, that the spinach had remained upon the steps long enough to charge defendant with constructive notice of its presence; or that it was not a mere chance occurrence but a condition so often repeated as to warrant an inference that defendant had notice thereof.

"Plaintiffs' contention is that there is sufficient evidence from the facts above outlined to justify a finding of constructive notice. It must be taken as true, for the purpose of considering the present motion, that defend-

ant's employees carried spinach in open baskets from the street to the main floor of the store an hour before plaintiff fell. Plaintiffs urge that a jury could infer from this fact that spinach fell from a basket to the step and remained there until she started to leave the store. The difficulty about this is that the inferences sought to be drawn are not logically deducible from this testimony. First, it is assumed, without evidence to support it, that spinach fell from the basket. Then another inference is drawn, that the spinach remained at the place it fell for an hour. When a fact is established, a jury may draw all reasonable inferences therefrom, but it is clear that a fact may not be inferred without proof, and another inference drawn from the fact thus assumed: Phila. City Pass. Ry. Co. v. Henrice, 92 Pa. 431, 433, 434.

"Plaintiffs contend further that the jury should have been permitted to find constructive notice from the condition of the spinach itself. Mack v. Pbgh. Rys. Co., 247 Pa. 598, is relied upon for this contention. There the plaintiff, a passenger on a street car of the defendant carrier, slipped upon switch grease or tar upon the front platform of the car. It was flattened, looked as if it had been walked in, was dust covered and had in it foot marks of others than the plaintiff. The substance was one in constant use by street railways companies in the operation of their switches and other facilities. ......
These facts distinguish the case from the present one. ...... Markman v. Bell Stores Co., 285 Pa. 378, supra, went to the jury because there was evidence that the presence of refuse matter, where the plaintiff fell, was not a chance occurrence but a repeated condition so frequent that the defendant's attention was drawn to it many times, and on one occasion the police department was notified of it.

"Plaintiffs urge that the steps were poorly lighted and their treads smooth and that these facts are sufficient to take the case to the jury even though the spinach had been there a short time only. It is clear, however, that

the absence of light and the condition of the treads did not cause the accident. Plaintiff did not fall because of a misstep due to faulty lighting or to the smooth condition of the treads. The spinach, and that alone, caused her fall.

"We are of opinion that plaintiffs failed to meet the burden which the law puts upon [them], of showing that defendant was guilty of negligence, and that the trial judge did not err in entering judgment of compulsory nonsuit."

The order refusing to remove the nonsuit is affirmed.