## AMERICAN STORES CO. v. MURRAY et ux.

### No. 6177.

Circuit Court of Appeals, Third Circuit.

Jan. 27, 1937.

Richard A. Smith, Louis Wagner, and Thomas J. Clary, all of Philadelphia, Pa., for appellant.

Maurice G. Weinberg, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below George Murray, a citizen of Pennsylvania, recovered a verdict against the American Stores Company, a corporate citizen of Delaware, for damages sustained by him as the result of injury to his wife alleged to have been caused by the negligence of defendant. His wife also recovered a verdict for injuries suffered by her. The cases were tried by the same jury and on entry of judgments, the defendant took this appeal.

The proofs of the plaintiffs tended to show that defendant maintained a store and Mrs. Murray, who was a customer, entered the store and made a purchase. A step with risers led from the street to the store floor and on her stepping on the upper tread, it tilted and caused her to fall. A clerk who came out of the store and assisted her to a seat on the tilting step stamped on the nail to hold it in place. One witness who saw the accident testified he too was a customer at the store and that the step was "awful shaky"; that he had called the attention of several people to it and that "from time to time I have taken my heel and mashed the nail down in the step for fear it would hook somebody's feet." Another customer testified that on her way out she fell on the steps because they were shaky.

On this appeal defendant contends it is not liable because "there is no proof that the defendant company had either actual or constructive notice" of the alleged condition of the step. After due consideration, we are of opinion no notice was required. The plaintiff Charlotte Murray was its commercial invitee. The store owed such customer the affirmative duty of keeping the store approach reasonably safe and of itself giving warning of its unsafe condition. The customer had a right to assume defendant had done its duty and, in the absence of any patent defect in the steps, was justified in using them. She

was not required to stop and inspect the steps before using them. Notice of defects was to come from the store and not from the customer.

Finding no reversible error, the judgments below are affirmed.