### TAUDTE v. SNELLENBURG et al.
### No. 517.

District Court, E. D. Pennsylvania.

Aug. 6, 1940.

Gerald A. Gleeson, of Philadelphia, Pa., for plaintiff.

Richard A. Smith, of Philadelphia, Pa., for defendants.

BARD, District Judge.

This matter arises on plaintiff's motion for a new trial after the jury had returned its verdict in favor of the defendant. The action was brought to recover damages on account of injuries suffered by plaintiff when she slipped and fell down a stairway in defendant's department store. The alleged negligence of defendant was its failure to remove mud and water which allegedly had accumulated on the stairs as a result of its use by customers during a rainy afternoon.

Motion is based upon exceptions to certain portions of the court's charge to the jury.

First, plaintiff urges that the court erred in affirming the following points for charge submitted by defendant:

"You are instructed that the defendant is liable when a customer is caused to fall by a temporary changed condition, such as the presence of foreign substance, only when it has been caused by the defendant or the defendant has had actual or constructive notice thereof, and by constructive notice is meant that the foreign substance has remained sufficiently long so defendant should have known of it.

"You are instructed there is no evidence of any actual notice to the defendant of a foreign substance on the stairs, and you cannot find constructive notice to the defendant unless there is some evidence that this foreign substance had remained on the stairs for some considerable time.

"You are instructed that a defendant on a rainy day is not liable for a mere damp condition of the stairs, but is only liable if there has been an accumulation of foreign substance, such as mud and water, and that the defendant has notice of it or it has remained there sufficiently long, as you have been instructed above, to give defendant notice thereof."

There was no evidence that defendant had any actual notice of the alleged slippery condition of the stairway. Moreover, the rule requiring constructive notice, as stated above, is that laid down by the Pennsylvania cases. Bell v. Great Atlantic & Pacific Tea Co., 288 Pa. 160, 135 A. 607; Gorman v. Brahm's Sons, Inc., 298 Pa. 142, 148 A. 40; MacDonald v. Gimbel Bros., 321 Pa. 25, 183 A. 804; Annett v. American Stores Co., 333 Pa. 589, 5 A.2d 97. Therefore, plaintiff's contentions, in this respect, cannot be sustained.

Plaintiff alleges also that the court erred in affirming other points for charge submitted by the defendant, as follows:

"You are instructed that under the law of Pennsylvania everyone is obliged to look where they are walking and see what is in their path, unless prevented from

so doing by either darkness or the presence of others in his or her path, and if they do not do so they are negligent.

"If you find the plaintiff here did not look at the stairs she was descending, and if you further find that if she had looked she could have seen the mud and water, which she alleges was on the stairs and caused her fall, and avoided falling, she is negligent and cannot recover."

This last quoted point for charge was affirmed with the following explanation: "That this defendant operating this store owed every customer the affirmative duty of keeping the stairways in the store reasonably safe, and of itself giving warning of its unsafe condition, if the steps were in an unsafe condition. The plaintiff had a right to assume the defendant had done its duty and, in the absence of any patent defect in the steps, was justified in using them. She was not required to stop and inspect the steps before using them. However, if you find that the condition of the steps was obvious and would have been seen by the plaintiff if she had glanced at them, and the condition and defects of the stairway were patent, then, if you so find, she was guilty of contributory negligence and could not recover."

Again, I am unable to discover any error in the foregoing portions of the charge that was prejudicial to plaintiff's case or of which she might complain. It is to be observed once more that the principles contained therein are those enunciated by the Supreme Court of Pennsylvania. Bilger v. Great Atlantic & Pacific Tea Co., 316 Pa. 540, 175 A. 496; Ziegler v. Western Union Telegraph Co., 319 Pa. 274, 179 A. 45; Walker v. Broad & Walnut Corp., 320 Pa. 504, 182 A. 643.

■■■ Next, plaintiff contends that the court erred in failing to affirm unqualifiedly the following points for charge offered by the plaintiff: "The question of negligence of the defendant is for the determination of the jury. If you find that the defendant was negligent in the maintenance of the stairway provided by it for the use of its invitees, then your verdict should be for the plaintiff."

This was affirmed with the qualification that the jury " * * * must also find that the plaintiff was free from contributory negligence before (its) verdict can be for the plaintiff." Obviously, the qualification was necessary. Further, "That there is a duty upon the defendants in this case to provide proper means of safeguarding the persons of invitees from injury while upon the premises of the defendant at the invitation of the defendant."

The latter point offered by the plaintiff was affirmed with the qualification " * * that the defendant is not an insurer of the safety of its customers, but it does owe its customers the affirmative duty of keeping the floors and stairs reasonably safe to walk on." Again I am of the opinion that the qualification was not only proper but necessary. Kaufman Department Stores, Inc. v. Cranston, 3 Cir., 258 F. 917, 918. In brief, I am unable to discover any substance in plaintiff's allegations of error in the foregoing rulings.

■■■ Finally, plaintiff avers that the trial judge erred in his charge to the jury "in not following the rules of law as to negligence and contributory negligence laid down in the case of American Stores v. Murray, 3 Cir., 87 F.2d 894, and other relevant cases." The facts in that case were different from the instant case. The defect in that case was a structural one, the tread was improperly attached and loose, and the defendant should have known of that condition. The plaintiff with the very best eyesight could not have observed that condition. In that case there was no claim, as in the instant case, of the presence of a foreign substance, which under the Pennsylvania decisions required notice, actual or constructive, to the defendant. As previously noted, the charge to the jury in the instant case closely conformed to the governing Pennsylvania decisions. If the case of American Stores v. Murray, supra, appears to be at variance, as contended by the plaintiff, with the Pennsylvania holdings in dispensing with the requirement of actual or constructive notice of the defect to the defendant, it is to be observed that the Murray case was decided by the Circuit Court of Appeals of this Circuit prior to the adjudication in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and does not purport to follow the Pennsylvania decisions on the question. Since the Tompkins decision requires adherence to the applicable Pennsylvania law, it follows that the Murray decision cannot be regarded as controlling authority in this case.

The motion for a new trial is denied.