218

## FLYNN v. READING CO.
### Civil Action No. 609.

District Court, E. D. Pennsylvania.
May 20, 1943.

Abraham E. Freedman, of Freedman & Goldstein, of Philadelphia, Pa., for plaintiff.

Henry R. Heebner and William Clarke Mason, both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action to recover damages for injuries sustained by plaintiff allegedly as a result of the negligence of the defendant. I make the following special

### Findings of Fact

1. On March 15, 1938, plaintiff was employed by the Calmar Steamship Corporation as a member of the crew of the Steamship "Massmar", which was moored at a pier owned by the defendant at Philadelphia, Pennsylvania.

2. Along the edge of the pier there was a three-foot wide concrete platform, adjacent to which there was a six-foot wide gravel way, along which ran the railroad tracks of the defendant.

3. While plaintiff was engaged in moving a gangway of the ship, he stepped on a piece of iron pipe which was lying in the gravel way and which caused him to fall and sustain serious injury.

4. Prior to and at the time of the accident defendant had an oral understanding with the Calmar Steamship Corporation permitting Calmar to dock its vessels at the pier, but not requiring Calmar to maintain or police the pier.

### Discussion

Plaintiff, together with another member of the steamship crew, was ordered to assist in carrying a wooden gangway fifteen feet long and weighing approximately three hundred pounds to the place where it was to be attached to the ship. When plaintiff and his fellow seaman reached this place, it was found that the gangway was in the wrong position and had to be reversed before being attached. Because a freight car was on the railroad tracks opposite the ship at that point and the tracks were only about nine feet from the edge of the pier, plaintiff and the other seaman were ordered to carry the gangway along the pier until they were clear of the freight car. They then maneuvered to reverse their positions and, as plaintiff was moving his end of the gangway around, he stepped on a piece of iron pipe lying in the gravel

way and fell toward the concrete platform, sustaining the injuries for which damages are sought. The piece of pipe was about a foot long and an inch in diameter and was lying loose in the gravel. There was no evidence how long it had been there prior to the accident.

With respect to the control of the pier, defendant admitted ownership, but alleged that it had orally assigned the pier to the Calmar Steamship Corporation for the dockage of its vessels and the loading and discharge of cargoes therefrom. The only evidence, however, indicates that the arrangement between the companies was in the nature of an oral license to Calmar to use the pier for such purposes, and Calmar was under no duty to police, maintain or repair the pier.

■ On this state of the record there is no evidence which permits a finding that the defendant was guilty of negligence. It may be granted that plaintiff, as an employee of a company permitted to use the pier for purposes which furthered the business of the defendant, may be categorized as an "invitee", as distinguished from a trespasser or a gratuitous licensee, Bailey v. Texas Co., 2 Cir., 47 F.2d 153, and that defendant was therefore under a duty to exercise reasonable care to discover a condition on its land involving unreasonable risk to him. Restatement of Torts, § 343. The difficulty is that there is nothing to show that the defendant violated its duty in this respect. The sole evidence upon which plaintiff relies is the presence of the pipe on property owned by the defendant at the time of the accident. There is nothing to indicate that it came there as a result of the negligence of any employees of the defendant, nor that it had been there for any period of time sufficiently long that an inspection by defendant's employees in the exercise of reasonable care would have disclosed it.

■ Under the law of Pennsylvania, which is controlling, no negligence has been established. The governing principles are set forth in Bremer v. W. W. Smith, Inc., 126 Pa.Super. 408, 191 A. 395, in which the plaintiff was injured when she stepped into a four inch hole in defendant's parking lot. There was testimony that the hole looked as though many cars had passed over it and that its outer edges had been "sort of smoothed down by the tracks of other machines going over it." In holding that the plaintiff had failed to establish a breach of duty by the defendant, the court said at pages 411 and 412, of 126 Pa. Super., 191 A. at page 397:

"Appellee came upon the premises controlled by appellant at its invitation. Appellant was not an insurer of the safety of its invitee, but it was its duty to maintain its premises in a reasonably safe condition in view of the contemplated use thereof and the purposes for which the invitation had been extended. As applied to this case, the measure of its duty was to keep the surface of its lot in such condition that its patrons would not be exposed to danger in entering or leaving the parking space, or in alighting from their cars. There was no suggestion that appellant had any actual knowledge of the existence of the hole or depression which caused appellee's fall. So far as the description of the defect given by appellee and her witness is concerned, it may have been caused by the spinning of the rear wheels of an automobile. But regardless of its cause, appellee had the burden of showing circumstances from which appellant could reasonably be charged with constructive notice of its presence.

"What will amount to constructive notice of a defective or dangerous condition existing upon a defendant's premises, necessarily varies under the circumstances of each case. Some of the factors affecting the question, in addition to the time elapsing between the origin of the defect and the accident, are the size and physical condition of the premises, the nature of the business conducted thereon, the number of persons using the premises and the frequency of such use, the nature of the defect and its location on the premises, its probable cause and the opportunity which defendant, as a reasonably prudent person, had to remedy it. Langley v. F. W. Woolworth Co., 47 R.I. 165, 131 A. 194.

"The applicable rule is thus stated in 45 Corpus Juris, page 837, Section 245: 'In order to impose liability for injury to an invitee by reason of the dangerous condition of the premises the condition must have been known to the owner or occupant or have existed for such time that it was the duty of the owner or occupant to know of it.'

"The Restatement of the Law of Torts, under the title 'Special Liability of Possessors of Land to Business Visitors,' sets up under Section 343 the following standard

of care: 'A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them. * * *'

"In the case at bar there is not the slightest evidence of the length of time during which the alleged defect was permitted to exist, or of its probable cause."

And again at page 413 of 126 Pa.Super., 191 A. at page 398:

"When the nature of appellant's business is taken into consideration, it would seem that the measure of his duty should not be as high as that of the operator of a store or theater; at least it can rise no higher.

"Time is always an important factor in the problem of constructive notice, and we think the general principles announced in store cases are applicable here. Upon consideration of the record, our conclusion is that this case falls within the line of cases in which the evidence has been held insufficient to justify the submission of the question of constructive notice to the jury."

The obligation of the defendant as owner of this pier was certainly no greater than that of the owner of the parking lot in the Bremer case, and under the principles set forth therein it must be held that plaintiff has failed to produce any evidence under which a finding of negligence on the part of the defendant can be made.

■ There is no merit to plaintiff's contention that this case presents a situation in which the thing which causes the injury is under the exclusive management of the defendant, and the accident is such as does not occur in the ordinary course of things unless the defendant did not use due care, and in which the defendant therefore has the burden of going forward with the evidence to show that it did exercise proper care. The mere presence of a loose piece of iron pipe on a gravel way on a pier owned by the defendant does not, either under the authorities cited or on principle, present such a situation.

The authorities relied upon by plaintiff in support of its position are distinguishable. In Vetter v. Great A. & P. Tea Co., 322 Pa. 449, 185 A. 613, a judgment was upheld in favor of a plaintiff who slipped on refuse vegetables on the cellar steps of a dark stairway in a store owned by defendant, but in that case the steps were in the exclusive control of the defendant, had been used only by its employees, and there was evidence that defendant's employees had notice of the dangerous condition of the steps and that defendant failed to correct that condition before permitting plaintiff to use the stairway. In Sears, Roebuck & Co. v. Peterson, 76 F.2d 243, it was alleged that defendant's employees had negligently created a danger by throwing on the floor of defendant's store the piece of twine on which the plaintiff fell, and the evidence of negligence was testimony which tended to show that the twine was the same as had been removed by defendant's employees from evergreen trees very near to where plaintiff tripped and fell on it. It is true in American Stores Co. v. Murray, 3 Cir., 87 F.2d 894, the Circuit Court of Appeals of this circuit held that no notice was required of a defective tread on a step in defendant's store. But the defect in that case was a structural one, the tread was improperly attached and loose, and the defendant should have known of that condition. The store owed the customer the affirmative duty of keeping the store approach reasonably safe and of itself giving warning of its unsafe condition. In that case there was no claim, as in the instant case, of the presence of an extraneous object, which under the Pennsylvania decisions required notice, actual or constructive, to the defendant. It might be noted too that American Stores Co v. Murray, supra, was decided prior to the adjudication in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, which requires adherence to the applicable Pennsylvania law in this case, and in so far as the Murray decision may be in conflict with the Pennsylvania Supreme Court decisions, it cannot be regarded as controlling authority in this case. Furthermore, we think the later decision of the Circuit Court of Appeals in O'Brien v. Calmar S.S. Corporation, 3 Cir., 104 F.2d 148, 149, enunciates the law controlling on me in this case. The plaintiff O'Brien in that case and the present plaintiff Flynn are the same person, and the suit was to recover for the same injury sued for in this case. He had joined the ship's crew under the assumed name of O'Brien and sued the owner of the vessel. Judge Dickinson entered judgment for the defendant.

On appeal, Judge Biddle, speaking for the appellate court, said: "Plaintiff slipped on a piece or iron pipe which was lying in the gravel on the pier. There was no evidence of how long the pipe had been there, nor that the boatswain, who was directing plaintiff's movement from the vessel, saw it. Judge Dickinson was right in holding that plaintiff had failed to establish any negligence. Bailey v. Texas Co., 2 Cir., 47 F.2d 153, where recovery was allowed, is distinguishable because the defendant there failed to keep the passageway to and from the ship reasonably safe for the plaintiff, an invitee."

I make the following

### Conclusions of Law

1. Plaintiff has failed as a matter of law to show any negligence on the part of the defendant.

2. Judgment is hereby entered for the defendant.