Franz et ux., Appellants, *v.* Peccalaio.

Argued March 28, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*J. Thomas Hoffman,* with him *Waldo P. Breeden,* for appellants.

*Warren H. Van Kirk,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 14, 1947:

These appeals are from the refusal of the court below to remove a compulsory nonsuit entered against appellants, husband and wife, in an action of trespass for personal injuries sustained by the wife.

On Sunday evening, November 21, 1943, between 6 and 6:30 o'clock, when it was "just beginning to get dusk," the wife appellant, accompanied by a daughter, was walking north on the sidewalk on Beaver Avenue in the City of Pittsburgh. She was passing two feet

in front of the fruit and vegetable store of appellee. The store was open for business although no fruit or vegetables were displayed on the collapsible shelves affixed to the front of the store, which were collapsed and hanging down. Appellant slipped and turned over on her ankles, first on one and then on the other, but did not fall. She caught hold of a collapsed display shelf. After the accident appellant discovered a green bean stuck on the rubber heel of one of her shoes. She testified that she had been watching where she was walking but did not see the bean and did not know how she came to slip or how the bean got on her heel.

The statement of claim avers that the accident was caused by ". . . the negligence of the defendant in carelessly leaving, placing, throwing or allowing and permitting to be placed or thrown, loose vegetable, refuse and waste matter upon the sidewalk in front of defendant's store . . . ."

Appellants, the daughter and witness Seelhorst, testified that the vegetable matter complained of was "under the windows." The daughter qualified this description by the use of the word "mostly." Appellant did not specify the quantity but said it was "a lot of leaves such as radish tops and spinach leaves and pieces of broken beans." The daughter described it as "a couple of good hands full;" witness Seelhorst said it was "about three or four handfuls".

The testimony is clear that the vegetable matter complained of was *under the windows* of the store. There was no proof that such matter was on the sidewalk used by pedestrians. It was not shown that the bean found on the heel of the shoe had ever formed part of the vegetable matter observed *under the window* and therefore it became irrelevant as to how long a time such mass of vegetable matter had remained under the windows. The plaintiff did not slip or lose her balance at that point. It was not even shown that the bean had caused her to slip. The testimony did not show that appellee had

actual notice of its presence on the sidewalk. The alleged proof of constructive notice was insufficient to establish these facts. Judge SOFFEL accurately said: "There was no testimony that a bean or any refuse was observed on the sidewalk for any continuous period immediately prior to the happening of the accident, or was there any evidence that the bean in question had been dropped upon the pavement by defendant, her servant, or agent."

A jury may not *infer* that the bean found on the heel caused appellant to slip. It may not *assume* that the bean had formed part of the refuse under the windows. It cannot be surmised that the bean had remained on the sidewalk for such length of time that appellee had had constructive notice of its presence. This case is ruled by *Gorman v. Simon Brahm's Sons, Inc.*, 298 Pa. 142, 148 A. 40. In that case, a customer of defendant, entered the store with her husband, to make some purchases. While they were ascending the steps described, employees of defendant were carrying merchandise, including spinach in open baskets, up the steps to the main floor of the store. Plaintiff and her husband remained in the store for an hour, making purchases, and then started to descend the steps to the street, when the wife stepped upon a quantity of spinach, described as a bunch or handful, lying upon the tread of the upper step. She slipped on this substance and fell down the steps to the vestibule, causing the injuries of which complaint is made. Her husband went to the place from which she fell and found a handful of wet and crushed spinach lying on the upper step. Appellants rely upon *Markman v. Fred P. Bell Stores Co.*, 285 Pa. 378, 132 A. 178. That case does not control the present factual situation. There the evidence was that where the plaintiff fell was not a chance occurrence but a repeated condition so frequent that the defendant's attention was drawn to it many times and on one occasion the police department was notified of it.

The judgments are affirmed.