584

to pursue the litigation which plaintiffs initiated, and which invited inquiry into the conduct of which defendants complain.

What that conduct was, cannot be wholly gathered from the Levy affidavit, for the purposes of this motion. It is not enough that plaintiff Exchange seems to have undertaken more than it can perform, but none the less would like the award of a summary judgment.

The point discussed at argument, concerning the capacity of the Exchange either to infringe or indulge in the asserted unfair competition, seems to have been considered in Sperry Products, Inc., v. Association of American Railroads et al., 2 Cir., 132 F.2d 408, at pages 410 and 412, 145 A.L.R. 694, as to an unincorporated association. Probably a membership corporation is not to be distinguished therefrom with respect to an alleged tort, and if such be demonstrated, it becomes "that of the members generally".

If the conditions were reversed and the Exchange were to charge unfair use of the Patent against the patentee, and the complaint contained sufficient allegations to support the action on behalf of the membership, it would not be dismissed, if the case of National Hairdressers' & Cosmetologists' Ass'n, Inc., et al., v. Philad Co., D.C., 3 F.R.D. 199, were to be followed. This decision suggests the propriety of not dismissing this counterclaim as a matter of law.

■ It has not been overlooked that the First to Seventh Defenses pleaded in the Answer are not consistent with the substance of the counterclaim as above described (or with defendants' opposition to this motion), but that condition was anticipated by Rule 8(e) (2).

■ ■ It results that the defendants' pleading and the Reply, put into issue questions which cannot be resolved on this motion (perhaps validity is not now at issue but this is not clear), but which can be adequately disposed of only at trial.

Motion for summary judgment denied.

Settle order.

United States District Court
E. D. Pennsylvania.
Nov. 17, 1950.

Gerald A. Gleeson, U. S. Atty., N. Warren Benedetto, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Saul C. Waldbaum, and Waldbaum, Shafritz & Levitan, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an action by the United States to revoke the citizenship of Reba Kessler, defendant. The matter is presently before me on defendant's motion to dismiss the complaint under Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A.

The complaint avers that on September 24, 1931, defendant under oath submitted an Application For a Certificate of Ar-

rival and Preliminary Form For Petition For Citizenship, signed by her, in which she denied that she had ever been arrested or charged with violation of any law of the United States or State or any city ordinance or traffic regulation. The complaint alleges, on the contrary, that she had been arrested seventeen times by the Philadelphia Police between the dates of June 4, 1929 and February 19, 1930. Counsel for defendant argues that these were arrests for violation of a City ordinance and not important as bearing on the grant of citizenship; therefore, the complaint should be dismissed.

There may be a perfectly logical and reasonable explanation of the failure of this defendant to disclose the admitted arrests. On the other hand, there may have been a sinister purpose in connection with the application for citizenship in concealing the facts of these arrests. Whether disclosure of these arrests may have given the Immigration authorities information which might have resulted in the denial of the right of United States citizenship, I have no way of knowing. It is only after an answer has been filed to the complaint and the issue litigated that an intelligent disposition can be made of it. The motion to dismiss, therefore, is denied.

**UNITED STATES v. GREATER PITTS-BURGH LINEN SUPPLY ASS'N et al.**

Cr. No. 13205.

United States District Court
W. D. Pennsylvania.

Nov. 10, 1950.

Edward C. Boyle, U. S. Atty., Pittsburgh, for the Government, plaintiff.

Harry Savage, of Margiotti & Casey, Pittsburgh, Pa., for the defendants.

MARSH, District Judge.

On the 20th day of June, 1950, an indictment was returned at No. 13205 Criminal, charging eight corporations and four individuals engaged in the business of furnishing linen supplies in the "Pittsburgh area," with conspiracy to violate the Sherman Anti-Trust Act.[1]

The matter is before the court upon a motion for bill of particulars filed on behalf of all the defendants. The requests aggregate over twenty. If these requests were granted in toto, substantially the whole factual situation of the case would be disclosed.

The "Pittsburgh area" is defined in the indictment as including Western Pennsylvania, Eastern Ohio and Northern West Virginia. The Greater Pittsburgh Linen

1. Title 15 U.S.C.A. § 1.