**EASTERN EXPRESS, INC.**

v.

**MACK WAREHOUSE CORPORATION**
and
Eavenson & Levering Company.

Civ. A. No. 27992.

United States District Court
E. D. Pennsylvania.

Sept. 16, 1960.

Rawle & Henderson, Philadelphia, Pa., for plaintiff.

Paul Leo McSorley and Richard T. McSorley, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

This is an action for damages based on fraud and deceit arising out of the purchase of a tract of land. The matter is presently before the court on defendants' Motion to Dismiss the Complaint on the ground that it fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Rules of Civil Procedure, 28 U.S.C.A.

The Complaint avers that the defendants misrepresented the character of the land about to be purchased by stating that the real estate was "virgin soil," knowing that, due to the intended use of the land as a truck terminal building and storage lot, the virgin character of the soil was a material factor in the employ-

ment of said tract for this use.[1] The plaintiff claims that because of said statement, it was induced to, and did, enter into a contract for the purchase of the property and did acquire title to same without knowledge of the actual soil conditions. When construction was commenced, it was first discovered by excavation that the tract was filled and not virgin and solid soil. Because of the said condition of the soil, the plaintiff incurred damages.

The defendants base their motion to dismiss on a section of the agreement of sale which states that the tract was improved land with structures and utilities and that excavation was in process which required the land to be filled thereafter. Defendants claim that, due to this knowledge, the plaintiff cannot reasonably allege that the representation that the soil was "virgin" was susceptible of deceiving it and, hence, an essential element in an action based on fraud and deceit is missing and thus the Complaint should be dismissed.

Plaintiff claims that the fact that there were improvements on the land is not pertinent to its action, since it was the *underlying* soil about which the misrepresentation was made, not the ground surface. It also claims that the commercial real estate meaning of the phrase "virgin soil" is that, irrespective of improvements, the unimproved land, to be used for parking and storing the tractors and trailers, is solid and not a filled-in dump and that it attached this meaning to the misrepresentation.

Under the terms of the Complaint, the plaintiff may prove a valid claim in fraud and deceit under Pennsylvania law.[2] Consideration of the whole agreement, which is part of this record,[3] does not alter the fact that plaintiff has set forth a valid claim. The claim is based on misrepresentation as to whether or not the property was "virgin soil", not whether the property had been improved.

■■ Defendants may be able to prove at the time of trial that the representation referred only to the surface of the real estate, but it may well be found that the representation referred to the sub-soil, as claimed by the plaintiff. Since it is not a certainty that plaintiff would not be entitled to relief under any state of facts which could be proved in support of its claim, a hearing on the merits should be granted it.[4]

■■ If defendants are considered to be moving for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, that motion is also denied, since a summary judgment is only available when there is no genuine issue of fact presented. Here there is a substantial dispute as to material facts, i. e., the commercial meaning of the term "virgin soil" and the meaning attached to the term by the parties at the time of the representation.[5]

---

1. See Stipulation filed 7/1/60 (Document No. 9).

2. See Neuman v. Corn Exchange Nat. Bank & Trust Co., 1947, 356 Pa. 442, 51 A.2d 759, 52 A.2d 177. There is nothing in the cases relied on by defendants (Oil Well Supply Co. v. Exchange National Bank, 1890, 131 Pa. 100, 18 A. 935, and Thorne's Estate, 1942, 344 Pa. 503, 25 A.2d 811, which holds that plaintiff cannot possibly recover under the terms of its Complaint, as amended by Document No. 9.

3. See Stipulation filed as Document No. 8.

4. United States v. Kessler, D.C.E.D.Pa. 1950, 10 F.R.D. 584.

5. In addition, under Pennsylvania law a person may rely on representations made regarding those facts which are not visible upon reasonable inspection, and a subsequent writing stating, for instance, that property is accepted in its present condition does not nullify a misrepresentation as to conditions not reasonably ascertainable. Highmont Music Corp. v. J. M. Hoffmann Co., 1959, 397 Pa. 345, 155 A.2d 363.

The briefs of counsel have been placed in the Clerk's file.