Florence RUMSEY

v.

The GREAT ATLANTIC AND PACIFIC
TEA CO., Inc.

Civ. A. No. 34266.

United States District Court
E. D. Pennsylvania.

Nov. 27, 1967.

William C. Archbold, Jr., Chester, Pa.,
for plaintiff.

L. Carter Anderson, Philadelphia, Pa.,
for defendant.

OPINION

LUONGO, District Judge.

Florence Rumsey recovered a $20,000 verdict against defendant, The Great Atlantic & Pacific Tea Co., Inc. (A&P), for injuries sustained when she slipped on a piece of lettuce leaf and fell in one of defendant's supermarkets. Defendant has moved for judgment n. o. v. The question presented by the motion is whether there is sufficient evidence of negligence to sustain the verdict, more particularly whether there is evidence that the substance on which she slipped had been on the floor for a sufficient period of time to charge defendant with notice of its presence.

Viewing the evidence in the light most favorable to the plaintiff, as we are required to do in considering a motion for judgment n. o. v., Morris Brothers Lumber Company v. Eakin, 262 F.2d 259 (3d Cir. 1959), the evidence is that Florence Rumsey slipped on one of several

(at least five) fragments of lettuce leaf, (ranging from about the size of a half dollar to 2 or 3 inches in diameter), which were lying in a one square foot area of an aisle of the supermarket at a point distant from the produce section; the fragments appeared old, brown and wilted; the accident happened at about 2:15 p. m.; the porter whose job it was to keep the store clean had gone off duty at 2:00 p. m.

The crucial question is whether the brown and wilted appearance of the fragments of lettuce [1] affords adequate basis for a reasonable conclusion that the lettuce had been on the floor long enough for the defendant, in the exercise of reasonable care, to have discovered and removed it.

■■ Under Pennsylvania law liability may be established by circumstantial evidence and it is no longer necessary to exclude all reasonable inferences inconsistent with liability in order to do so. If the evidence, direct or circumstantial, is such that it will support a reasonable conclusion of liability, the matter is for the jury, but the jury may not be permitted to reach its verdict on the basis of speculation. Smith v. Bell Telephone Co. of Pa., 397 Pa. 134, 153 A.2d 477 (1959).

Applying the standard laid down in *Smith,* the fact that the fragments of lettuce were brown and wilted does not logically support the conclusion that the lettuce had been on the floor for a sufficient period of time to charge defendant with notice. The tortured reasoning in plaintiff's argument that the fact supports the conclusion demonstrates that the jury could not have arrived at the verdict in plaintiff's favor without a great deal of speculation. The argument is that the lettuce in question must have been on sale in defendant's supermarket; that the jury could infer that "brown lettuce leaves were not for sale" in the supermarket, therefore the lettuce must have been fresh when it fell to the floor; that "[t]he length of time it takes a lettuce leaf to turn brown is not properly an area for expert testimony * * *, but * * * is a matter of human experience well within the knowledge of every Juror * * *" (Plaintiff's brief, pp. 8–9); and that the jury could conclude that the defendant should have discovered and removed the lettuce in whatever unspecified period of time it takes fresh lettuce leaves to become brown and wilted.

It is apparent from plaintiff's argument that a number of links were necessary to connect the fact and the conclusion. There was no evidence from which the jury could properly fashion those links. The jury was left to assume that the lettuce was fresh when it fell to the floor and that it became brown and wilted *while on the floor.* This, in turn, required the jury to find, without any evidentiary basis for doing so, that the defendant stocked and sold *only* fresh lettuce, or more accurately, unblemished lettuce absolutely free of any deteriorated or wilted spots. The jury had to assume or speculate that a customer had not abused or bruised the lettuce in any manner between the time it was removed from the display counter until it made its way to the point on the floor where it was found. Without expert testimony and without evidence as to the degree of freshness of the particular head or heads of lettuce from which these fragments came, and without evidence as to how the lettuce had come to be torn into fragments, or to what conditions of heat, cold, humidity, etc., or to what handling it had been subjected, the jury could only speculate as to the period of time which might have been involved in the deteriorating process.

1. The fact that the porter had gone off duty 15 minutes before plaintiff's fall had little, if any, relevance to the issue of constructive notice. At most it might support an inference that the floor had not been swept during that 15 minute period and, therefore, the lettuce might have been there for that length of time. I do not understand plaintiff to argue that fresh lettuce turns brown and wilted in 15 minutes.

Pennsylvania cases dealing with falls on foreign substances have permitted the issue of constructive notice to go to the jury only where the plaintiff has presented direct or strong circumstantial evidence of the length of time the offending substance had been on the floor. E. g. Lederhandler v. Bolotini, 402 Pa. 250, 167 A.2d 157 (1961) (piece of food on floor two hours after the last food had been served at a banquet); Jerominski v. Fowler, Dick & Walker, 372 Pa. 291, 93 A.2d 433 (1953) (witness saw grease spot on the stairs more than two hours before plaintiff's fall); and Diakolios v. Sears, Roebuck & Co., 387 Pa. 186, 127 A.2d 603 (1956) (plaintiff and witness saw grease spot one hour before the accident). The presence of a foreign substance, even under somewhat aggravating surrounding circumstances, did not warrant submission of the issue to the jury in Martino v. Great Atlantic & Pacific Tea Co., 419 Pa. 229, 213 A.2d 608 (1965) (slip on grape in produce aisle where grapes had fallen from the counter on numerous occasions, evidenced by stains on the floor); Franz v. Peccalaio, 356 Pa. 494, 52 A.2d 177 (1947) (slip on a green bean on pavement in front of defendant's fruit store where there was evidence of a collection of refuse under defendant's window nearby); and Gorman v. Simon Brahm's Sons, Inc., 298 Pa. 142, 148 A. 40 (1929) (wet and crushed spinach on steps where defendant's employees had been seen one hour before carrying spinach in open baskets). See also Jones v. Sanitary Market Co., 185 Pa.Super. 163, 137 A.2d 859 (1958) and Davidson v. Upland Boro, 184 Pa.Super. 559, 136 A.2d 155 (1957).

Plaintiff has cited several cases from jurisdictions other than Pennsylvania in which the jury was permitted to infer, from the physical condition of the foreign substance, that it had been present for a period of time sufficient to charge the defendant with notice. Those cases (Berube v. Economy Grocery Stores Corp., 315 Mass. 89, 51 N.E.2d 777 (1943); Morris v. King Cole Stores, Inc., 132 Conn. 489, 45 A.2d 710 (1946); Vaughn v. National Tea Co., 328 F.2d 128 (7th Cir. 1964); Great Atlantic & Pacific Tea Co. v. Popkins, 260 Ala. 97, 69 So.2d 274 (1953)), are not particularly helpful since the physical condition of the offending substance disclosed that it had been stepped on and walked on, a factor held in Gorman v. Simon Brahm's Sons, Inc., supra, to be so significant as to distinguish that case from Mack v. Pittsburgh Rys. Co., 247 Pa. 598, 93 A. 618 (1915) in which the walked on appearance was held sufficient to support constructive notice. There is no evidence in the instant case that the pieces of lettuce had been walked on. Plaintiff has suggested, in her brief, the possibility that the lettuce might have been torn into fragments by persons walking on it, but that suggestion runs contrary to all of plaintiff's evidence describing the fragments.

Other cases cited by plaintiff (Schwartz v. Warwick-Philadelphia Corp., 424 Pa. 185, 226 A.2d 484 (1967); Finney v. G. C. Murphy Co., 406 Pa. 555, 178 A.2d 719 (1950); and Register v. Great Atlantic & Pacific Tea Co., 235 F.Supp. 847 (E.D.N.C.1946)), deal with active negligence on the part of the defendants there involved, and shed no light on the problem of constructive notice.

Plaintiff's evidence was insufficient to establish that defendant was chargeable with notice of the presence of the foreign substance on its floor, consequently defendant's motion for judgment n. o. v. will be granted.