Florence RUMSEY, Appellant,

v.

The GREAT ATLANTIC AND PACIFIC
TEA COMPANY, Inc.

No. 17103.

United States Court of Appeals
Third Circuit.

Argued May 7, 1968.

Reargued en banc Nov. 25, 1968.

Decided March 5, 1969.

McLaughlin, Aldisert and Van Dusen, JJ., dissented.

William C. Archbold, Jr., Kassab, Cherry, Curran & Archbold, Chester, Pa., for appellant.

L. Carter Anderson, Rawle & Henderson, Philadelphia, Pa. (David L. Steck, Philadelphia, Pa., on the brief), for appellee.

Before HASTIE, Chief Judge, McLAUGHLIN, KALODNER, FREEDMAN, SEITZ, VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Chief Judge.

The plaintiff in this negligence case was a shopper in one of the defendant's stores when she slipped, fell and sustained the injuries for which she is suing. The accident occurred in Pennsylvania and the case is in federal court solely under diversity jurisdiction.

After the trial judge had denied a defense motion for a directed verdict, the jury returned a verdict for the plaintiff in the amount of $20,000. However, on an appropriate post-judgment motion, the court set aside the verdict and entered judgment for the defendant. This appeal followed.

We have to decide whether, viewing the evidence in the light most favora-

ble to the plaintiff and guided by applicable principles and rules of law, a jury could reasonably have imposed liability upon the defendant.

The plaintiff testified that, while walking through the store toward the display of certain goods which she wished to purchase, she slipped and fell. In her words, her "right leg went out so fast it was like greased lightning." Another witness who was walking a few feet behind the plaintiff testified that there were about five small fragments of lettuce on the floor in the area in which she fell. He said that the fragments were brown, wilted, old and one or two inches in length. He also testified that some forty minutes after the accident he observed a crushed piece of "oldish" and "brown" lettuce about the size of a fingernail adhering to the heel of plaintiff's shoe. The plaintiff testified similarly that on the floor in the area of her fall "there were pieces of lettuce leaves, the type you would have in a—small pieces, like it would be torn up in a salad. * * * They were brown. They were yellow. They were old. They weren't fresh."

There was no evidence of any very recent sweeping or inspection of the floor.

The parties agree, as did the court below, that under Pennsylvania law the defendant could properly be found negligent and liable only if the evidence warranted a factual finding that the lettuce upon which plaintiff claims to have slipped had been on the floor long enough so that in the exercise of reasonable care the defendant's employees should have discovered and removed it. In cases of this type, the issue is sometimes stated as whether the danger-creating substance had been on the floor long enough to give "constructive notice" of its presence.

Small differences in the evidence can lead to opposite conclusions as to whether the condition of the foreign substance, alone or with other circumstances, was sufficient to support a rational inference that it had been there long enough for a reasonably careful proprietor to have discovered and removed it. Two decisions of the Pennsylvania Supreme Court involving slipping on grease spots are illustrative. In Mack v. Pittsburgh Rys. Co., 1915, 247 Pa. 598, 602, 93 A. 618, 619, the court said:

"The length of time that it [the grease spot] remained in the car was not shown by direct evidence, but the jury would have been warranted in finding that it had remained for some time, as it was covered with dust, had footmarks in it, and had been tramped over by other persons on the car, manifestly before plaintiff attempted to alight, as no person immediately preceded her to the front door."

Lanni v. Pennsylvania R. R., 1952, 371 Pa. 106, 111, 88 A.2d 887, 889, also involved a dust-covered oily spot, but in the absence of any indication that the oil had been stepped upon by others before the plaintiff, or any evidence of the time required for the dust to accumulate, the court reached a different conclusion:

"There was no evidence, facts or circumstances which were sufficient to enable a jury to reasonably and legitimately impute negligence, i. e. constructive notice of the unsafe condition. While the spot was soft and covered with dust or dirt, there were no other footprints on it except those of the plaintiff, which indicates it was of recent origin; nor is there the slightest evidence from which it could be reasonably and legitimately inferred in what period of time the dust or dirt could accumulate with or without wind in that particular locality."

Significantly, the *Lanni* case cites the *Mack* case and recognizes its authority.

■ Applying the teaching of these cases here, we find sufficient evidence to warrant, though certainly not to compel, a rational inference that the lettuce had been on the floor, as was said in *Mack*, for "some time." The lettuce was described as "old", not "fresh", "wilted", "brown" or "yellow". It was segmented into small irregular pieces. From the wilting and discoloration, a reasonable person could infer that it had been on the floor for hours. The passage of time is

also suggested by the fragmentation into segments not more than an inch or two in length, for it is very unlikely that one would tear or break a lettuce leaf into such small pieces before dropping it. It is more likely that the fragmentation resulted from exposure to traffic over a period of time. In our judgment, this was enough to make the question of so-called constructive notice of the unsafe condition a jury issue.

■ We recognize that the plaintiff's case was not overwhelming and, sitting as jurors, we might have found for the defendant. But neither we nor the court below have been charged with that responsibility or authority. In the leading case of Smith v. Bell Telephone Co., 1959, 397 Pa. 134, 153 A.2d 477, the Supreme Court of Pennsylvania ruled that a plaintiff's prima facie case need only be such that the jury, by drawing logical inferences from the evidence in the light of their own knowledge and experience, can reasonably reach the conclusion sought by the plaintiff, even though a contrary conclusion could rationally be based on the same evidence. Accord, Jones v. Treegoob, 1969, 433 Pa., 225, 249 A.2d 352. This liberal concept of the circumstances in which a court should leave decision to the jury parallels the continuing concern of the courts of the United States that in the federal forum the constitutional right to jury trial not be eroded by judicial intrusions upon the province of the jury, specially where, as in this case, intelligent choice among permissible inferences from the evidence lies within the area of normal lay competence.[1]

The judgment will be reversed and the cause remanded to the district court for the entry of judgment on the jury verdict.

McLAUGHLIN, Circuit Judge (dissenting).

As this appeal now stands, concededly Pennsylvania law governs its substantive negligence problem. Also concededly Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477 (1959) correctly sets out what is the Pennsylvania law for said governing problem.

Plaintiff slipped and fell in one of defendant's stores. She instituted a negligence suit in the District Court to recover for injuries sustained. A jury verdict in the amount of $20,000 was rendered in her favor. On November 27, 1967, upon defendant's motion for judgment notwithstanding the verdict, in an opinion and order of the trial judge, that motion was granted. Plaintiff appeals from the resultant entry of judgment n. o. v. in favor of defendant. The question presented by the n. o. v. motion and the issue now before us is whether there is sufficient evidence of negligence to sustain the verdict.

The accident occurred on October 5, 1961 when plaintiff accompanied by George Williams entered defendant's premises in response to a newspaper advertisement for canned hams. Plaintiff testified that she went into defendant's store and proceeded in the direction of the canned ham display which was located near the street entrance. As plaintiff approached the display, she slipped and fell. Asked to describe the condition of the floor, she stated: "There were pieces of lettuce leaves, the type you would have in a—small pieces, like it would be torn up in a—salad. That would be the closest thing I could—you know how they would be torn if you were getting them in a salad bowl." Describing the condition of the lettuce leaves, plaintiff stated: "They were brown. They were yellow. They were—they were old. They weren't fresh."

Mr. Williams was called as plaintiff's witness. He testified that he went to

defendant's store with plaintiff and was about six feet behind her when he saw her fall. He was asked to describe the condition of the floor and stated that there were approximately five pieces of lettuce in the area over which plaintiff passed. He said that the pieces were brown, wilted, old and from an inch to two inches in size. He also testified that he examined the heels of plaintiff's shoes forty-five minutes after the fall and found a piece of brown lettuce leaf about the size of his fingernail crushed on the heel of her right shoe.

Defendant called the store manager as its witness. He stated that he did not notice any lettuce leaves on the floor at the point where plaintiff fell and further that the vegetable department was located in a part of the store a distance from the place of plaintiff's accident. He also said that the porter whose job was to keep the store clean had gone off duty only fifteen minutes prior to plaintiff's accident.

Plaintiff, in order to recover, must prove that defendant was negligent and that its negligence was the proximate cause of the accident. The governing Pennsylvania law requires that plaintiff prove that the foreign substance, which caused the accident, was on the floor for a long enough period of time to charge defendant with constuctive notice of its presence. See Martino v. Great A & P Tea Co., 419 Pa. 229, 213 A.2d 608 (1965). There was no evidence that defendant had actual notice of the presence of any foreign matter on the floor of the store. Plaintiff in an effort to prove constructive notice sought to use the condition of the lettuce as a means of establishing that the lettuce was on the floor long enough for defendant, in the exercise of reasonable care, to discover it. The precise issue then is whether under Pennsylvania law the jury may infer the length of time the lettuce was on the floor, solely from the brown and wilted condition of the lettuce itself. Can the jury in those circumstances infer time from condition?

In a key Pennsylvania decision, Mack v. Pittsburgh Rys. Co., 247 Pa. 598, at p. 602, 93 A. 618, at p. 619 (1915), a case involving a slip and fall on grease, the court held:

"The length of time that it remained in the car was not shown by direct evidence, but the jury would have been warranted in finding that it had remained there for some time, *as it was covered with dust, had footmarks in it, and had been tramped over by other persons on the car, manifestly before the plaintiff attempted to alight, as no person immediately preceded her to the front door.*" (Emphasis supplied).

Lanni v. Pennsylvania RR. Co., 371 Pa. 106, 88 A.2d 807 (1952) is another guide line opinion wherein plaintiff slipped and was injured by a fall on grease. The court found at p. 111, 88 A.2d at p. 889:

"It is a matter of common knowledge that motor vehicles leak or drop oil or grease both in travel and while parked. There was no evidence, facts or circumstances which were sufficient to enable a jury to reasonably and legitimately impute negligence, i. e. constructive notice of the unsafe condition. While the spot was soft and covered with dust or dirt, there were no other footprints on it except those of the plaintiff, which indicates it was of recent origin; nor is there the slightest evidence from which it could be reasonably and legitimately inferred in what period of time the dust or dirt could accumulate with or without wind in that particular locality. It is clear therefore that it could not be determined from any or all of the circumstances and at best it would only be a guess whether the grease spot was on the driveway 10 minutes, 10 hours or 10 days prior to plaintiff's accident."

The same principles have been applied consistently by the Pennsylvania appellate court decisions to claims for injuries from alleged slipping on vegetable particles. See, for example, Gorman v. Simon Brahm's Sons, Inc., 298 Pa. 142, 148 A.

40 (1929); Franz v. Peccalaio, 356 Pa. 494, 52 A.2d 177 (1947); cf. Davidson v. Borough of Upland, 184 Pa.Super. 559, 136 A.2d 155 (1957), and cases there cited.

The above opinions make it clear that in circumstances as are before us in the instant issue for the jury to be allowed to infer time from condition there must be additional affirmative evidence that the involved matter had been stepped in or on by others than the plaintiff, affecting the condition thereof. Absent such proof the evidence would merely indicate that the material on the floor was in the process of natural deterioration. In our appeal there is no evidence upon which to conclude that the lettuce was even on the floor when it turned brown.

Granting judgment n. o. v. the district court judge decided that plaintiff's evidence was insufficient to sustain her verdict because the jury, on the crucial constructive notice issue, of necessity was forced to base its verdict on speculation. The problem of the legal sufficiency of evidence in a diversity suit, where it goes to the maintenance of a substantive right, is, as above noted, governed by local law. See Sleek v. J. C. Penney Company, 324 F.2d 467 (3 Cir. 1963). Sleek was a negligence action in the federal court because of diverse citizenship of the parties. Plaintiff, after a jury trial, was awarded a verdict and judgment was entered in her favor. On appeal defendant maintained that the evidence was not sufficient to support a verdict against it. In discussing the applicable law this court ruled:

> "In determining whether sufficient evidence was presented to support the jury's finding since this is a diversity case, we must look to the law of Pennsylvania." 324 F.2d 467, 479.

It might be well to note that plainly whether there is enough evidence to support a jury's verdict in federal courts is not within the range of independent judicial discretion. That same restriction is operative with respect to the federal judicial role in setting aside excessive verdicts. As to the latter it seems settled that the federal appellate function in that area is not to pass upon a question of fact on which reasonable men could differ, but a question of law. See Grunenthal v. Long Island Railroad Company et al., 393 U.S. 156, 89 S.Ct. 331, 21 L.Ed. 2d 309 (November 18, 1968).

The landmark Pennsylvania decisional law as to the plaintiff's burden of proof when relying solely on circumstantial evidence is admittedly Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477 (1959). There the Supreme Court of Pennsylvania pronounced two complimentary governing standards for that sort of claim. The first of these is that a plaintiff's prima facie case must be such that the jury, by drawing logical inferences from the evidence, in the light of their own knowledge and experience, can reasonably reach the conclusion sought by the plaintiff, even though a contrary finding could rationally be based on the same evidence. That standard is applicable solely to allow the plaintiff to proceed beyond the non-suit stage of the trial. It does not govern our final situation. As stated it relates only the degree of evidence which plaintiff must produce in order to present his proofs to the jury, i. e. to avoid a non-suit. Here, in reviewing a judgment n. o. v. in favor of the defendant, we are concerned with the quality of proof plaintiff needs in order to prevail. The second standard outlines the proof essential to justify a plaintiff's verdict in the type of suit before us. This is stated in Smith, supra, p. 139, 153 A.2d, p. 480, as follows:

> "Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deductible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith."

The late opinion in Devenney v. North Franklin Township Volunteer Fire De-

partment, 209 Pa.Super. 378, 384, 228 A. 2d 61, 64, (1967) reiterates in depth the said complimentary Smith standards, saying:

"The distinction between the twin standards of Smith—the amount of proof required to support submission of a case to a jury and the proof required to substantiate a verdict rendered by it—is fundamental. However, the standards often are used indiscriminately under the express 'burden of proof'. Under Smith, the initial standard is satisfied and the case properly submitted to the jury 'where a reasonable conclusion can be arrived at which would place liability on the defendant'. The second standard is not fulfilled until the evidence so preponderates in favor of the conclusion sought as to outweigh in the mind of the fact finder any other evidence."

Applying the second Smith standard, as must be done in the status of this appeal, it is indisputable that the evidence offered and any inference reasonably inferable therefrom does not preponderate in favor of the conclusion that the lettuce was on the floor for such a length of time that defendant should have been aware of its presence. That is the controlling Pennsylvania law. Under it the judgment of the district court was sound and right. It should be affirmed.

VAN DUSEN, J., joins in this dissent.

ALDISERT, Circuit Judge (dissenting).

Although I agree completely with the conclusion and the reasoning set forth in Judge McLaughlin's dissenting opinion, I do not find it necessary to reach such a result by relying exclusively on the concept that state precedents governing sufficiency of evidence must control in diversity cases.

Viewed from either state or federal tests, there was insufficient evidence to support a logical or rational inference that the lettuce was on the floor long enough to charge the defendant with constructive notice. I perceive no difference in the quantum of evidence requirements, whether measured by state standards, Sleek v. J. C. Penney Co., 324 F.2d 467 (3 Cir. 1963) or by federal standards, Boeing Co. v. Shipman, 389 F.2d 507 (5 Cir. 1968). Similarly I comprehend no difference between the expressions of the Pennsylvania court in Smith v. Bell Telephone Co., 397 Pa. 134, 153 A.2d 477 (1959) and the federal court in Moore v. Guthrie Hospital Inc., 403 F.2d 366 (4 Cir. 1968) that where there is a rational choice of competing inferences the case must go to the jury.

Using the yardstick set forth in the Smith case, relied upon by the majority, it is appropriate to note that there the court said: "It is the duty of the plaintiff to produce substantial evidence * * upon which logically (the jury's) conclusion may be based." (153 A.2d 480) Substantial evidence has been defined by the Supreme Court in Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1940) as more than a scintilla, more than that which would create a suspicion of the existence of the fact to be established, but relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Pennsylvania courts share this interpretation. Penna. L. R. B. v. Kaufmann Dept. Store Inc., 345 Pa. 398, 29 A.2d 90 (1942).

The color and the shape of the lettuce particles on the floor created, at best, a mere suspicion that a foreign substance was on the floor long enough to charge the defendant with notice. This was not "substantial evidence" as enunciated by the Pennsylvania case of Smith or as defined by state or federal courts.

I would affirm the judgment of the district court.

VAN DUSEN, J., joins in this dissent.