Jones, Appellant, v. Treegoob.

Argued November 13, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Benjamin Pomerantz,* for appellant.

*Frank Bielitsky,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 15, 1969:

This is an appeal from the judgment n.o.v. entered by the Superior Court, reversing the judgment entered on the verdict in the Court of Common Pleas of Philadelphia County. Plaintiff's decedent (now deceased from causes not related to this action), on or about September 12, 1960, was walking in a southeasterly direction on the southwest side of Lancaster Avenue, Philadelphia, Pa., when a large glass window of defendants' premises 4090 Lancaster Avenue, blew out and struck him, causing him to suffer the injuries of which he complained.

The gravamen of the complaint was that the defendants, appellees here, the occupiers of the premises, constructed and maintained the building in a faulty manner so that a strong wind was able to cause the window to blow out rather than remain intact.

The liability aspects of the plaintiff's case were, for the most part, established by one Michael A. Gimbel, an expert witness. His testimony, in substance, was that by improper construction of doors, which abutted the window, they opened in and were not equipped with any safety catch; that the construction of the windows and doors resulted in the wind being funneled right into the door; that the wind velocity of between 35

m.p.h. and 45 m.p.h. would be sufficient to push open the abutting doors; that the doors being so opened would permit the wind to blow into the premises and exert pressure on all the inside walls and/or ceiling; that this built-up pressure would be sufficient and did, in his opinion, cause the glass in question to blow out and break. He further testified that other stores with doors opening in take precautions against the sort of accident that happened here, either by locking the doors or by setting up a partition inside the window so that the trapped wind blows against the partition rather than the window. The assistant manager of appellees' store, when called by appellant as on cross-examination, testified that prior to the accident he was given no instructions to take any precautions with regard to the door or the window.

The jury returned a verdict in favor of the plaintiff for $5,000. Defendants appealed to the Superior Court which, by a divided Court, reversed and entered judgment n.o.v. Three judges in that court would have affirmed on the opinion of Judge GRIFFITHS in the Court of Common Pleas. Reargument was allowed in the Superior Court, and again the court divided 4-3, the result being the same. We granted allocatur.

Although it is not entirely clear, apparently the majority in the Superior Court based its opinion on two grounds. First, Mr. Gimbel's opinion as to the cause of the window-breaking was conjecture based on a theory unsupported by sufficient established facts. Assuming arguendo the validity of this very dubious proposition, it should be evident that such reasoning cannot support the result reached below. Mr. Gimbel's opinion was introduced into evidence without objection by the defendants. Any objection was thus waived. *Commonwealth v. Boden*, 399 Pa. 298, 308, 159 A. 2d 894 (1960); *Poluski v. Glen Alden Coal Co.*, 286 Pa.

473, 133 Atl. 819 (1926); Wigmore on Evidence, 3d ed., §18. Moreover, even if an objection had been interposed, the error in the admission of the evidence would not support the entry of a judgment n.o.v. We have held in any number of cases that a judgment n.o.v. cannot be entered on a diminished record. *Carney v. Pennsylvania R.R. Co.*, 428 Pa. 489, 240 A. 2d 71 (1968); *Cherry v. Mitosky*, 353 Pa. 401, 45 A. 2d 23 (1946); Accord, *Commonwealth v. Crews*, 429 Pa. 16, 239 A. 2d 350 (1968); *Commonwealth v. Tabb*, 417 Pa. 13, 207 A. 2d 884 (1965).

However, the Superior Court reached its result for an additional reason. It held that the theory of plaintiff's expert was but one of several causes that might have been suggested by the record, and was thus insufficient to support the verdict, since a verdict will not be sustained which is based on conjecture, guess, or surmise. While we have no quarrel with the statement of law set forth, we do dispute its applicability to the instant case. This case is ruled by *Griffith v. Clearfield Truck Rentals, Inc.*, 427 Pa. 30, 233 A. 2d 896 (1967), where, quoting from *Smith v. Bell Tel. Co. of Pa.*, 397 Pa. 134, 153 A. 2d 477, 479 (1959), we said at page 38: "A variety of formulae for determining the sufficiency of circumstantial evidence to sustain a verdict may be found, including: 'such as to satisfy reasonable and well balanced minds.' [citing cases]. '[the facts and inferences] must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition' [citing cases]. Although some of the formulations appear to be mutually inconsistent, they have sometimes been used together. [citing a case]. The formula that 'the circumstances must be so strong as to preclude the possibility of injury in any other way and provide as the only reason-

able inference the conclusion plaintiff advances' is not a correct statement of the rule to be applied by the judge on deciding a motion for either a nonsuit or binding instructions. If that were the rule what would be the province of the jury? In no case where there was more than one reasonable inference would the jury be permitted to decide. Insofar as this rule is stated in our cases it is disapproved. [footnote omitted]. We have said many times that the jury may not be permitted to reach its verdict merely on the basis of speculation or conjecture, but that there must be evidence upon which logically its conclusion may be based. [citing cases]. Clearly this does not mean that the jury may not draw inferences based upon all the evidence and the jurors' own knowledge and experiences, for that is, of course, the very heart of the jury's function. It means only that the evidence presented must be such that by reasoning from it, without resort to prejudice or guess, a jury can reach the conclusion sought by plaintiff, and not that that conclusion must be the *only* one which logically can be reached. It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liability; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. . . ." (Emphasis in original).

Here, appellant's testimony was that the cause of the glass falling out of the window on appellant and the pavement was the improper construction of the doors and windows. Appellant's testimony, through the expert Gimbel, presented one reasonable theory based on the factual circumstances, as to what happened. In order to avoid a nonsuit or a judgment n.o.v., it was not the plaintiff's duty to negate all other possible causes of the accident. Thus, when the Superior Court states that "it is conceivable that strong

pressure from the outside suddenly withdrawn might cause the window to collapse and fall outward" and that "improper installation or maintenance might have been another cause of its collapse", it is invading the function of the jury. Assuming arguendo that any of these suggested causes would have absolved the defendants, it was not for plaintiff to negate them or for the Superior Court to suggest them as bases for a judgment n.o.v.

As another ground for affirmance, appellees urge that they had no notice as to any dangerous condition. However, the weather reports introduced indicated that winds as high as those occurring on the day of the accident frequently occurred. Although the statistics referred to dates after the construction of the building, these occurrences were so common (40 in 2 years) that they obviously occurred before the date of construction as well. Moreover, plaintiff's expert suggested means of curing the defect which could have been accomplished after the dates referred to in the weather statistics. And these precautions were indeed taken in other buildings similarly constructed. If appellees did not know of the danger, they certainly should have known.

Appellees' other two arguments would not support the n.o.v., but, if valid, would entitle them to a new trial. These are (1) that the trial judge erred in admitting certain testimony concerning the plaintiff's injuries, and (2) that the plaintiff's alleged expert witness was not qualified to offer opinion testimony. The first argument was treated and rejected in the Court of Common Pleas, and the second was treated and rejected in both that court and the Superior Court. We are in accord with the reasoning of those courts on these issues.

The judgment of the Superior Court reversing the judgment of the Court of Common Pleas is reversed,

232

the judgment n.o.v. entered by the Superior Court is vacated, and the judgment of the Court of Common Pleas is reinstated.

Mr. Chief Justice BELL and Mr. Justice JONES dissent.