Framlau Corporation *v.* Upper Dublin School Authority Board, Appellant.

Argued March 16, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, SPAULDING, and CERCONE, JJ. (HOFFMAN, J., absent.)

*Charles C. Hileman,* with him *Schnader, Harrison, Segal & Lewis,* for appellant.

*Richard S. Mailman,* with him *Fine & Mailman,* for appellee.

OPINION BY SPAULDING, J., September 21, 1971:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, en banc, setting aside an arbitration award in favor of appellant Upper Dublin School Authority Board and remanding the case to the arbitrators for determination of the amount due to be paid Framlau Corporation, appellee, for certain brickwork performed by appellee.

A dispute originated over a clause (referred to as Alternate No. 4) in a school construction contract between the two parties.[1] Appellee claims that this clause

---

[1] "In lieu of standard concrete masonry units as scheduled and specified for all exterior wythes of masonry and all interior wythes or faces of concrete masonry exposed in corridors, stairs, multipurpose room, stage, library, dining room entrance and court, provide brick masonry employing brick which shall be provided on the basis of an allowance of eighty-five dollars per thousand brick." A "wythe" is a unit of brick measurement indicating the width of one brick laid horizontally, or each continuous vertical section of one unit and thickness.

required him to substitute brick for concrete block only on certain portions of the interior of the building. Appellant maintains that the contract was to brick the entire exterior of the building as well as certain portions of the interior. The disagreement arose before the brickwork was begun, but appellee completed the building according to appellant's interpretation. Appellee then submitted its claim to a three-man arbitration board which denied in its entirety appellee's claim for an additional $191,000.[2] Appellee petitioned the Court of Common Pleas to modify or correct the award. After a review the en banc court held that since each side had a different interpretation of Alternate No. 4 the contract failed for lack of mutual assent and that since the School Authority was unjustly enriched, the contractor was entitled to an additional amount to be determined by the arbitrators.

We think that the court below erroneously substituted its judgment for that of the arbitrators and that their decision must be reinstated.

The proper scope of judicial review of arbitrators' findings is governed by Section 11 of the Arbitration Act of 1927:

"In either of the following cases the court shall make an order modifying or correcting the award upon the application of any party to the arbitration: . . .

. . .

(d) Where the award is against the law, and is such that had it been a verdict of the jury the court would have entered different or other judgment notwithstanding the verdict."

In view of the record, it cannot be said that the arbitrators' award was against the weight of the evidence. There were some conflicts, but it was peculiarly

---

[2] Appellant contends that in any event this was not the correct amount of costs attributable to Alternate No. 4.

within the province of the arbitrators as finders of fact to resolve them.

When a contract is ambiguous on a point, as was Alternate No. 4, either side may introduce parol evidence to resolve that ambiguity. *Fischer & Porter Co. v. Porter,* 364 Pa. 495, 502, 72 A. 2d 98, 102 (1950). The resolution is made by the finder of fact, be it an arbitrator, a jury or a trial judge. As our Supreme Court stated in *Baldwin v. Magen,* 279 Pa. 302, 305, 306, 123 Atl. 815, 816 (1924) in quoting 2 Williston on Contracts, §616, p. 1193: "The general rule is that construction of a writing is for the court. Where, however, the meaning of a writing is uncertain or ambiguous, and parol evidence is introduced in aid of its interpretation, the question of its meaning should be left to the jury."

The arbitrators could have based their finding that there was a valid contract on either of two grounds: (1) both parties may have attached the same meaning to Alternate No. 4; or (2) if appellee knew of the ambiguity and appellant did not, and appellee did nothing to clarify it although he knew that appellant might attach the other meaning to Alternate No. 4, he would be bound by appellant's interpretation. Restatement, Contracts, §71, Comment (a), particularly Illustration 1 (1932). *Goddard v. Holland Transportation Co.,* 84 N.Y.S. 2d 410 (1948), affirmed 277 App. Div. 755, 97 N.Y.S. 2d 372. See Restatement, Contracts 2d (1964) Tentative Draft §21A and the sources cited therein.

The record supports a finding for either reason. Two separate subcontractors testified that they had informed appellee Alternate No. 4 required substitution of brick for block on the entire exterior of the building as well as on portions of the interior, and one of the subcontractors stated his bid for the alternate as interpreted by the School Authority was $53,000 (appellee's was $56,300). Other witnesses testified that on the day

after the bids were opened, the scope of Alternate No. 4 as requiring brick on the exterior was explained, that appellee did not object at that time, and that appellee signed the contract two weeks later without question. Appellee did not object to appellant's interpretation until shortly after appellee's subcontractor informed appellee that it would not do the masonry work at the price appellee had expected. Furthermore, there were demonstrations from the plans that showed appellee's interpretation was not architecturally or aesthetically sound. It cannot be said that the arbitrators' award was against the weight of the evidence.

The order of the court below is reversed, and the record remanded for the court to enter judgment on the arbitrators' original award.