Framlau Corporation, Appellant, *v.* Kling et al.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Jon C. Sirlin,* with him *Stephen R. Bolden,* and *Fell, Spalding, Goff & Rubin,* for appellant.

*Arthur E. Newbold, III,* with him *Frank J. Ferro,* and *Dechert, Price & Rhoads,* for appellees.

OPINION BY HOFFMAN, J., March 31, 1975:

The appellant contends that the trial court erroneously granted the appellee's motion for summary judgment under Rule 1035, Pa. R.C.P. The lower court ruled that appellant's cause of action was barred by the statute of limitations.

In June, 1963, appellee, Vincent G. Kling, a noted Philadelphia-based architect[1] (hereinafter "Architect"), entered into an agreement with the Upper Dublin School Authority, Montgomery County (hereinafter, "Authority"), for the design of the Sandy Run Elementary School. On March 24, 1964, appellant, Framlau Corporation (hereinafter, "Corporation"), submitted a bid based on plans prepared by the Architect. On April 20, 1964, the Corporation contracted with the Authority to build the school.

Thereafter, a dispute arose between the Authority and the Corporation over a clause in the construction contract concerning the amount of the interior of the building that was to be finished with brick instead of cinder block. The Corporation completed construction consistent with the Authority's reading of the contract, but subsequently, on October 5, 1965, submitted its claim to arbitration as

---

1. The Corporation also sued Kling's partners despite the fact that the Architect did not enter into a partnership agreement with the other defendant-appellees until January 1, 1971, according to the Corporation's complaint.

provided in Article 31 of the contract: "Should either party to the contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and shall be adjusted by agreement or arbitration."

The arbitrators denied the Corporation's claim against the Authority. The Montgomery County Court of Common Pleas set aside the judgment of the arbitrators and the Authority appealed to this Court. We reversed and reinstated the original award of the arbitrators. *Framlau Corporation v. Upper Dublin School Authority Board,* 219 Pa. Superior Ct. 369, 281 A. 2d 464 (1971).

On June 12, 1972, the present suit was brought by the Corporation against the Architect in the Court of Common Pleas of Philadelphia County. The Corporation's complaint alleges several counts of negligence on the part of the Architect. The gravamen of the complaint is that the Architect's drawings prepared after the Corporation's bid was accepted were inconsistent with the original plans.

On January 3, 1974, the Architect filed a motion for a summary judgment on the theory that the Corporation's suit was barred by the statute of limitations. The motion was granted on April 22, 1974, by Judge McDEVITT.

The Corporation concedes that the applicable statute of limitations is six years and that it was aware of all the alleged acts of negligence more than six years prior to June 12, 1972, the date on which this action was brought. See Limitations of Actions, Act of March 27, 1713, 1 Sm. L. 76, §1; 12 P.S. §31. The Corporation contends, however, that the statute of limitations was tolled during the pendency of its action against the Authority. See 54 C.J.S. "Limitations of Actions" §247: "Where a

person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented shoud not be counted against him in determining whether limitations have barred the right . . ." The Corporation cites the Uniform Arbitration Act, Act of April 25, 1927, P.L. 381, No. 248, §2; 1935, June 21, P.L. 400, §1; 5 P.S. §162, for the proposition that if parties agree to arbitrate, a court may not hear the case until after arbitration is completed and, therefore, arbitration tolls the statute of limitations between the arbitrating parties. Despite the fact that the Architect was not a party to the contract, the Corporation argues that it could not have sued the architect during the pendency of its action against the Authority. The Corporation contends that it agreed to arbitrate all claims that arose from the neglect "of the other party or of anyone employed by him . . .", and thus was precluded from litigating those claims against the Architect initially.

Unquestionably, "arbitration, a matter of contract, should not be compelled of a party unless such party, by contract, has agreed to such arbitration . . ." *Schoellhammer's Hatboro Manor, Inc. v. Local Joint Executive Bd. of Philadelphia*, 426 Pa. 53, 62, 231 A. 2d 160, 164 (1967). Even assuming that the Architect were an employee of the Authority, rather than an independent contractor, he was not a party to the contract. Therefore, he could not have been brought into the arbitration as a party. The Corporation's only remedy against the Architect personally, either as an employee or as an independent contractor, would have been a suit in a court of competent jurisdiction. We do not read Article 31 as preventing the Corporation from pursuing remedies against third parties not bound by its contract with the Authority. Article 31 required that the Corporation go to arbitration initially only if the cause of action was against the Authority.

The Corporation argues that the statute of limitations was tolled during the pendency of the arbitration pro-

ceeding because it was "prevented from exercising [its] legal remedy" against the Architect. The Corporation's belief that it was precluded from suing the Architect is based on an erroneous reading of §162 of the Arbitration Act, supra: "If any suit or proceeding be brought upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending . . . *shall,* on application of one of the parties made before the suit or proceeding is at issue, *stay the trial of the action* until such arbitration has been had in accordance with the terms of the agreement . . ." (Emphasis added). Initially, the Corporation presents no argument that in fact the claims against the Architect were "issue[s] referable to arbitration." More importantly, the statute does not prevent initiation of a suit against a third party; at most, if the issue is referable to arbitration, the statute requires a stay of the proceedings.

In the instant case, the Corporation does not contend that in fact the Architect was a party to the arbitration. At most, the arbitration involved an issue tangentially related to the present litigation. The issue before the arbitrators was the proper interpretation of a section of the contract between the Corporation and the Authority. During the entire pendency of that litigation, the Architect was never on notice that the Corporation would seek to hold him liable for negligent preparation of the architectural plans. The policy underlying statutes of limitations is one of repose intended to prevent "stale claims from springing up at great distances of time and surprising the parties or their representatives when . . . the facts have become obscure . . ." 52 C.J.S. "Limitations of Actions" §1(b). We see no reason in the instant case to hold that the statute of limitations was tolled against a third person not a party to the litigation.

Judgment of the lower court is affirmed.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.