478 A.2d 1372

**Andrew HEFFNER, A Minor by Mary HEFFNER, his Parent and Natural Guardian and Mary Susan Heffner, in her own right, Appellants,**

v.

**Robert G. SCHAD.**

Superior Court of Pennsylvania.

Argued Nov. 22, 1983.

Filed July 20, 1984.

Petition for Allowance of Appeal Denied Nov. 26, 1984.

102

Francis X. Nolan, Norristown, for appellants.

Richard K. Masterson, Philadelphia, for appellee.

Before MONTEMURO, WATKINS and CERCONE, JJ.

CERCONE, Judge:

Plaintiffs-appellants, Andrew Heffner and his mother, Mary Susan Heffner, appeal the trial court's denial of their motions for judgment N.O.V. and for a new trial which

followed a jury verdict in favor of defendant, Robert G. Schad, appellee herein. Appellants, alleging that appellee's behavior in striking Andrew Heffner with his car, was negligent, contend that the court should have directed a verdict in their favor. Alternatively, they argue that they should be granted a new trial because of various alleged court errors. We have considered appellants' allegations in light of the record and the applicable law and conclude that the judgment entered by the trial court shall stand.

At a few minutes before 8 a.m. on January 6, 1976, young Andrew Heffner, six and one-half years old, left his home at Glenside Avenue and Hewitt Road in Wyncote, Montgomery County, to catch a school bus across heavily traveled Glenside Avenue. It was a sunny morning and other school children were waiting at the location where the bus was expected. Andrew waited for between five and ten minutes on the corner before he entered the street at the call of one of the other children.

Mrs. Heffner was watching Andrew from a front bedroom of their home. She testified at trial that she saw her son start out from the curb, that he "kind of loped out." A fourteen year old safety guard at the time of the accident, who was waiting on the corner across the street with the other children, testified that Andrew "ran out in the street." She stated that she first saw appellee's car "before Andy started to come across the street" when it was "about fifty feet" away. Mrs. Heffner opined that appellee's car was traveling thirty to thirty-five miles per hour, in the twenty-five miles per hour zone, but that he was going no faster than the other traffic that morning.

Appellee testified that except for a narrow strip of visibility ahead in his eastbound lane, the sun was so brilliant that it blinded his vision. In addition, his testimony was that there were two cars in front of him and one or more cars behind him. He stated that he slowed down, but he was unable to stop because of the traffic. At the intersection of Glenside Avenue and Hewitt Road, appellee saw a shadow appear in the left portion of his windshield; he applied his brakes, but struck Andrew, sending him into the air and

about fifty feet down the Avenue. Andrew suffered a fractured right femur as a result of the accident.

On a motion for directed verdict, the facts must be considered in the light most favorable to the party against whom the motion is made and the court must accept as true all the evidence which supports that party's contention and must reject all the adverse testimony of the party seeking a directed verdict. *Litman v. Peoples Natural Gas Co.*, 303 Pa. Superior Ct. 345, 449 A.2d 720 (1982). Moreover, in our review of the refusal of a new trial, we will not reverse the trial court's action absent an abuse of discretion or error of law which controlled the outcome of the case. *Eldridge v. Melcher*, 226 Pa. Superior Ct. 381, 313 A.2d 750 (1973). Judgment N.O.V. is inappropriate if the evidence on a material point presented an issue of fact for decision by the jury. *Id.*

Appellants contend that the verdict should have been directed in their favor for the following reasons: appellee drove his car 270 feet at 30–35 mph in a 25 mph area where he knew children waited for their school buses; he never saw Andrew prior to impact; he admitted that the sun impaired his vision to some extent; the point of impact was between the front center and the left front headlights; and appellee did not lower his sun visor. Appellants characterize these facts as convicting appellee of negligence as a matter of law.

To establish a motorist's negligence in striking a child in a roadway, evidence must establish that the child was on the highway and visible to the motorist for a sufficient period of time to give the motorist reasonable opportunity to see him and to avoid the accident. *Zernell v. Miley*, 417 Pa. 17, 208 A.2d 264 (1965). The record contains facts to support the conclusion of the jurors that appellee could not avoid the accident. This fact precludes a directed verdict. *Eldridge v. Melcher, supra.*

Appellants' issues regarding the motion for new trial will be considered seriatim. Their argument as to the court's alleged refusal to charge on the higher duty of care

required of a motorist approaching an intersection or an area frequented by children is refuted by the record. The court did so charge. Thus, it is without merit.

■■■■ Appellants ascribe error to the court's refusal to apply the "assured clear distance rule" as a matter of law. The relevant rule is found in the Vehicle Code, 75 Pa.C.S.A. § 3361:

### Driving vehicle at safe speed

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

1976, June 17, P.L. 162, No. 81, § 1, eff. July 1, 1977. Appellants argue that because appellee's visibility was partially blocked by sunlight, that his continuing to drive some 270 feet, albeit at a reduced rate, was negligence. However, with regard to temporary blindness caused by lights of another vehicle or sunlight, our court had held that

[W]here a motorist is temporarily blinded by headlights of a vehicle parked in an opposite traffic lane, the failure of the motorist to stop within the assured clear distance ahead may be excused.

*Miller v. Duffee,* 165 Pa. Superior Ct. 64, 67 A.2d 809 (1949).

and

[a] driver may be excused from the rule where temporarily blinded by oncoming lights which tend to obscure the existence of an obstacle.

*Farley v. Ventresco*, 307 Pa. 441, 161 A. 534 (1932).
Moreover, a driver is not bound to stop merely because he is
"blinded" by the headlights of an approaching vehicle.
*McElroy v. Rozzi*, 194 Pa. Superior Ct. 184, 166 A.2d 331
(1960); *Boor v. Schreiber*, 152 Pa. Superior Ct. 458, 33 A.2d
648 (1943). Applying these interpretations of the assured
clear distance ahead rule to the instant evidence as elicited
at trial, the court properly instructed the jury that it was
for them to decide whether appellee was negligent or not.
This is so especially in light of appellee's testimony that he
could see ahead into his lane, but that his peripheral vision
was impaired by the sun. Given the testimony as to traffic
behind him and the sudden appearance of the minor plain-
tiff, then, it was for the jury to decide whether his continu-
ing to drive was negligent. This was not a situation in
which the assured clear distance ahead rule should have
been applied as a matter of law, as appellants contend.

■ Appellants argue that the trial court erred in permit-
ting counsel for appellee to use Mrs. Heffner's deposition
testimony on his cross-examination of her as to the speed at
which she thought appellee was driving. At trial she esti-
mated it to be thirty or thirty-five miles per hour in a
twenty-five mile per hour zone. Because it was brought
out on cross-examination that her deposition testimony was
that he was driving "at the normal flow of traffic," appel-
lants urge that this use of her deposition was prejudicial.
Appellants contend that the jury could have concluded that
it was not negligent for appellee to have driven five to ten
miles over the speed limit, given her use of the word
"normal". We fail to see the harm in this situation as the
jury could equally have concluded that during the deposi-
tion, Mrs. Heffner characterized his driving as "normal,"
while she was unwilling to do so at trial; thus, an inconsist-
ency was apparent. Moreover, appellants' counsel himself
referred to appellee's speed as the same as that of the other
cars.

■ .Appellants also argue that it was error for the court
not to require counsel for appellee to quote from Mrs.
Heffner's deposition *in toto*, which fact, appellants contend,

distorted her testimony about whether she talked to the police about the accident. Appellants urge us to find that Pa.R.C.P. 4020(a)(4) was violated.[1] While it is true that it would have been preferable for the trial court to require counsel for appellee to quote the entire portion, it did rule that counsel for appellants could do so on rebuttal. Within one page of the notes of testimony, this was accomplished. We feel that the jury was afforded the context of the questioned portion such that no prejudice inured to appellants.

Finally, appellants sought to amend their complaint on April 11, 1980, to add a cause of action for negligent infliction of emotional distress on the part of the minor plaintiff's mother, Mrs. Heffner, despite the running of the statute of limitations. In this appeal, appellants' requested remedy regarding this issue is the inclusion of the cause of action should we decide to grant a new trial. As we are affirming the judgment entered below, we decline to address the merits of this issue.

Judgment of the trial court affirmed.

1. If only part of a deposition is offered in evidence by a party any other party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts.