493 A.2d 760

**LOYAL CHRISTIAN BENEFIT ASSOCIATION**

v.

**Harold J. BENDER, Donald W. Grieshober, Jess S. Jiuliante, R.A. Orlando, Chester J. Vendetti and Richard A. Vendetti, t/d/b/a Peach Street Investors (76), Appellants,**

v.

**Carl A. CANNAVINO, City of Erie, County of Erie, and Erie School District.**

Superior Court of Pennsylvania.

Argued March 4, 1985.

Filed May 24, 1985.

Vedder White, Erie, for appellants.

David E. Holland, Erie, for Loyal, appellee.

Before OLSZEWSKI, HESTER and SHIOMOS, JJ.*

HESTER, Judge:

This appeal was taken from an order sustaining a motion for summary judgment. For the reasons that follow, we affirm.

On August 28, 1981, appellants, Peach Street Investors, and appellee, Loyal Christian Benefit Association, entered into a written agreement whereby appellants agreed to assign their leasehold interest in approximately 10,500 square feet of land situated at 700 Peach Street in Erie, Pennsylvania in exchange for appellee's payment of $1,350,-000.00. Included among appellants' interests was the option to purchase the land at the termination of the lease.

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

The purchase price was payable by appellee's assumption of a note due appellants' lessor in the amount of $1,200,000.00 with the balance payable in cash at closing.

The warranty provision of the written assignment included a statement that a real estate tax exemption for the subject property had been granted to the lessor/owner by the treasurer of the City of Erie. This exemption purportedly covered all city, county and school district real estate taxes for the years 1982, 1983 and 1984.

When appellee received 1982 tax bills from the three taxing units, it notified appellants. Appellants disclaimed liability for the tax bill; therefore, appellee paid $9,915.00 for the 1982 taxes. As a result, appellee filed an action for declaratory judgment in Erie County seeking judgment in the amount of $9,915.00 and a decree holding appellants and others liable for 1983 and 1984 real estate taxes.

Appellee's motion for summary judgment was granted by order dated August 12, 1983. The court ruled as a matter of law that appellants breached the warranty of tax exemption for the years 1982, 1983 and 1984. A money judgment was entered against appellants for $9,915.00, and appellants were further declared liable for 1983 and 1984 real estate taxes. Appellants perfected this appeal from that order.

A motion for summary judgment is properly sustained where the pleadings, discovery and affidavits reflect no genuine issue of material fact. *Just v. Son's of Italy Hall,* 240 Pa.Super. 416, 368 A.2d 308 (1976); *Toth v. Philadelphia,* 213 Pa.Super. 282, 247 A.2d 629 (1968); Pa.R.C.P. 1035(b). In entertaining a motion for summary judgment, the record is viewed most favorably for the nonmoving party. All reasonable inferences must be drawn for the benefit of the respondent so that summary judgment will be granted only in those cases that are free of any doubt. *Mallesky v. Stevens,* 427 Pa. 352, 235 A.2d 154 (1967). With this standard in mind, we consider appellants' arguments and the propriety of the order granting declaratory judgment.

Appellants' first argument is that the tax exemption warranty was included in the agreement by mutual mistake. They contend that both parties relied upon a letter written by Erie City Treasurer Carl Cannavino. This letter, which was dated June 29, 1981, notified appellants' lessor that an exemption from county, city and school district real estate taxes was granted to the subject property for 1982, 1983 and 1984.

■ Should both parties to a contract be mistaken as to existing facts at the time of execution, the party adversely affected by such mistake may be given relief. *Ehrenzeller v. Chubb,* 171 Pa.Super. 460, 90 A.2d 286 (1952). Whether relief is granted depends upon the nature and effect of the mistake. The mistake must relate to the basis of the bargain; it must materially affect the parties' performances; and, it must not be one as to which the injured party bears the risk. *Spatz v. Nascone,* 283 Pa.Super. 517, 424 A.2d 929 (1981). If this tripartite test is met, the injured party may acquire reformation of the contract or, as appellants are attempting to do here, avoid the contractual obligations. Appellants are seeking to avoid their obligations under the warranty of real estate tax exemption.

■ Since the warranty paragraph of the agreement refers to a real estate tax exemption granted by the City Treasurer's office, both parties executed the contract under the mistaken belief that the property was tax exempt. However, this is not the type of mutual mistake for which appellants can obtain relief.

First, the exemption was not the basic premise on which the contract was formed. This contract involved the assignment of a leasehold interest in 10,500 square feet of land for a purchase price of $1,350,000.00. It was valuable property suitable for commercial development. A real estate tax exemption valued at $9,915.00 a year for three years pales in comparison to the purchase price. The significant purchase price reflects many factors, whose combined effect reduces the significance of the tax exemption. With an agreement of this considerable value, the

real estate exemption could hardly be a basic premise on which the contract was made. For these same reasons, the mistake does not materially affect the parties' performances.

Finally, we hold that appellants bore the risk that the property was in fact not tax exempt. Assignors of substantial real estate interests, who had the better opportunity to determine the condition of the property, bear the risk that any warranty on condition will be breached. This is true whether, as here, such breach is due to the assignors' reasonable reliance upon an erroneous government report that the property is tax exempt. Certainly, the risk of no tax exemption cannot fall upon appellee who was not privy to conditions surrounding the writing and procurement of Cannavino's letter.

Next, appellants argue that the exemption paragraph of the agreement is ambiguous; therefore, mutual mistake may be proven through parol evidence. Inasmuch as there was no mutual mistake which would accord relief to appellants, the introduction of parol evidence would have been inconsequential.

Appellants next argue that, if there was no mutual mistake and the warranty was breached, appellee was limited to the remedy of rescission according to paragraph 3(b) of the agreement. Paragraph 3(b) stated that the agreement was contingent upon the "non-breach of all warranties and representation herein." Paragraph 3 concluded that should "any of these contingencies" not be met, then the "Agreement shall become null and void and both Assignor and Assignee shall be released from all obligations hereunder."

We agree that rescission is a contractual remedy here; nevertheless, paragraph 3 does not exclude other appropriate remedies. It does not expressly refer to a limitation of remedies, nor is it entitled as such. We hold that the limitation of the afflicted party's right to seek full redress is of such serious consequence that, in order to be effective, it must be written in clear, direct and unmistakable language. *See* 17 Am.Jur.2d *Contracts* § 445 (1964).

Paragraph 3 does not meet this standard; accordingly, appellee was not limited solely to rescission.

Next, appellants complain that appellee failed to mitigate damages when it paid the 1982 and 1983 real estate taxes without protest. It was not enough, according to appellants, for appellee to pledge its cooperation in any assessment appeal.

 The injured party is not obligated to mitigate damages where both he and the liable party have an equal opportunity to reduce damages. *S.J. Groves & Sons Co. v. Warner Company*, 576 F.2d 524 (3rd Cir.1978). Upon receiving the 1982 tax invoice, appellee immediately notified appellants. Furthermore, appellee pledged its cooperation. In light of the real estate tax exemption warranty, it was appellants' obligation to process and cover the expense of an appeal, although it was to be properly captioned in appellee's name.

In addition, due to procedural errors in the tax exemption application, it was not certain that the assessment appeal would succeed. There was some question whether the particular exemption act would apply retroactively as it was enacted subsequent to the application for a building permit for improvements on the subject premises. Secondly, a tax exemption application was not submitted at the time of the building permit application; consequently, exempt status may have been waived. Where the issue of mitigation of damages is in doubt, the injured party has no obligation to mitigate.

Appellants' final argument is that the declaratory relief extends beyond the warranty. Appellants point out that the letter from the Erie City Treasurer designated $150,-000.00 as the exempt amount limit. We disagree. The letter informed appellants' lessor that the temporary value of improvements was $150,000.00. It did not state that $150,000.00 was the tax exempt limit. The exemption applied to the full tax irrespective of the value of the improvements.

Order affirmed.