511 A.2d 824

**NORTHWEST SAVINGS ASSOCIATION, now Northwest Mutual Savings Association**

v.

**James T. DISTLER and Joan L. Distler, husband and wife, Appellants.**

Superior Court of Pennsylvania.

Argued March 19, 1986.

Filed June 4, 1986.

Reargument Denied July 16, 1986.

188

Thomas G. Wagner, Saint Marys, for appellants.

Alvin B. Coppolo, Saint Marys, for appellee.

Before BROSKY, ROWLEY and HESTER, JJ.

HESTER, Judge:

In this appeal, appellants seek our review of the entry of judgment non obstante veredicto (hereinafter "judgment n.o.v.") by the trial court. Appellee instituted an action in mortgage foreclosure when appellants refused to pay the alleged balance due on their mortgage. A jury returned a verdict in favor of appellants; following oral argument, however, appellee's post-verdict motion for a judgment n.o.v. was granted. That order is the subject of this appeal.

In April of 1970, appellants applied to appellee for a second mortgage on their residence in the amount of $5,000 to construct a garage. The documents prepared for this transaction included a disclosure statement required by the Truth-in-Lending Act,[1] a loan settlement statement, a mortgage and a mortgage note. All of the documents provided for a monthly payment of $52.00 and an interest rate of

1. 15 U.S.C. § 1601 et seq., as amended.

seven percent. The mortgage and mortgage note were indefinite as to the length of the installment obligation, stating that the monthly payments were to be made "until the principal, all additional advances, interest, premium and other charges ... are paid in full...." However, the disclosure statement provided:

Payments for principal and interest on this transaction shall be 120 monthly installments of $52.00 beginning on the 20th day of June, 1970, and due on the 20th day of each month thereafter. The TOTAL OF PAYMENTS on this transaction will be $6,240.00.

On May 12, 1970, appellants executed a note and mortgage securing the loan of $5,000. Appellants commenced payments on October 29, 1970 and made 120 timely consecutive monthly installments thereafter. When appellants received their 1979 mortgage balance statement, it became apparent that the loan would not be discharged by the remaining payments on the ten-year schedule. Appellee admitted that an error had been made in computing the figures on the disclosure statement, but requested appellants to continue monthly payments until the balance was paid in full. After making what they considered to be their final payment, appellants discontinued all mortgage payments as of September 29, 1980.

On July 22, 1981, appellee filed an action in mortgage foreclosure against appellants, who responded by alleging satisfaction and by counter-claiming on a violation of the Truth-in-Lending Act.

At the close of trial, appellants were granted a directed verdict on the Truth-in-Lending Act violation. Appellee's request for a directed verdict on its mortgage foreclosure claim was denied. A jury verdict was thereafter entered against appellee on its claim.

Subsequently, appellee filed a post-verdict motion requesting judgment n.o.v., alleging that the directed verdict had been improperly denied. The trial court granted appellee's motion and entered judgment in favor of appellee on

the mortgage foreclosure action. From that order, appellants have appealed.

 The grant of a judgment notwithstanding the verdict may only be entered in a clear case where the facts are such that no two reasonable persons could fail to agree that the verdict is improper. *Olson v. Dietz*, 347 Pa.Super. 1, 500 A.2d 125 (1985); *Sperrazza v. Cambridge Mutual Fire Ins. Co.*, 313 Pa.Super. 60, 459 A.2d 409 (1983). Judgment n.o.v. should not be entered in cases where evidence is conflicting upon a material fact. *Heffner v. Schad*, 330 Pa.Super. 101, 478 A.2d 1372 (1984); *Burg v. Aberman*, 183 Pa.Super. 1, 128 A.2d 179 (1956). When reviewing the grant of such a motion, this court must consider the evidence, together with all reasonable inferences therefrom, in the light most favorable to the verdict winner. *Claytor v. Durham*, 273 Pa.Super. 571, 417 A.2d 1196 (1980). Moreover, in reviewing such orders, this court must consider all of the evidence actually received, whether the trial rulings were correct or not, which supports the verdict. *Reichman v. Wallach*, 306 Pa.Super. 177, 452 A.2d 501 (1982). For the reasons cited below, we conclude that the judgment n.o.v. was properly entered.

In its opinion, the trial court stated that the admission of the disclosure statement to controvert the debt was improper and that appellee's motion for a directed verdict should have been granted. Appellants initially argue that a judgment n.o.v. may not be granted to correct an error in the admission or exclusion of evidence.

In support of their position, appellants cite *Jones v. Treegoob*, 433 Pa. 225, 249 A.2d 352 (1969), for the proposition than an error in the admission of evidence would not support the entry of a judgment n.o.v. The court stated therein that "a judgment n.o.v. cannot be entered on a diminished record." *Id.*, 433 Pa. at 226, 249 A.2d at 354.

 The disclosure statement and loan settlement statement were not the only evidence offered to establish that the agreement of the parties was different from the terms

expressed in the note and mortgage. Both parties testified that the calculation of the monthly payments was based upon a ten-year term. Consequently, the admission or exclusion of the ancillary documents was not critical to appellants' defense, and the granting of a judgment n.o.v. was not in error in that the record was not diminished, still containing evidence pertinent to appellant's defense.

Moreover, the trial court did not grant the motion on the sole basis that improper evidence was admitted, assuming arguendo that it was in error. The trial court also granted the motion based upon its conclusion that appellants were bound by the terms of the note and mortgage. Thus, the trial court held that there was no material fact at issue to be submitted to the jury and that, as a matter of law, appellants were bound by the terms of the mortgage and note. It therefore overturned the jury verdict and entered judgment in favor of appellee.

Appellants, however, assert that the terms of the mortgage and note do not reflect the true bargain of the parties and should not be controlling. The language of the mortgage and note requiring payments to continue indefinitely until the principal and interest were paid in full did not accurately portray the understanding of the parties in creating a ten-year loan.

■ Although a writing may appear to be complete on its face, parol evidence is admissible to vary the contents of the writing when there is proof that the writing does not reflect the true agreement of the parties. For example, if the terms of the contract are ambiguous, parol evidence may be introduced to aid in the interpretation of the agreement. *Framlau Corp. v. Upper Dublin School Authority Board,* 219 Pa.Super. 369, 281 A.2d 464 (1971). Likewise, if fraud, accident, or mistake is alleged, extrinsic evidence is admissible to vary or contradict the terms of a written contract. *O'Brien v. O'Brien,* 362 Pa. 66, 66 A.2d 309 (1949).

■ Evidence of mistake as to the monthly amount necessary to discharge the debt over ten years was admit-

ted at trial through the testimony of both parties. Appellants argue that the disclosure statement constituted additional evidence of mistake and was properly admitted for that purpose. As stated above, the trial court ruled that the parol evidence rule barred the document for that purpose. This was error.

As seen above, case law permits the introduction of extrinsic evidence to support an averment of mistake. Thus, the disclosure statement was, in fact, admissible. However, whether relief is granted to the adversely affected party depends upon the nature and effect of the mistake. *Loyal Christian Benefit Ass'n v. Bender*, 342 Pa.Super. 614, 493 A.2d 760 (1985). The mistake must relate to the basis of the bargain; it must materially affect the parties' performances, and it must not be one as to which the injured party bears the risk. *Id.*, citing *Spatz v. Nascone*, 283 Pa.Super. 517, 424 A.2d 929 (1981).

In this case, the basic premise on which the contract was formed was the amount of the loan and the particular interest rate. It is beyond peradventure that both parties expected that the loan would be repaid in full. The term of the loan, ten years, was not an essential fact which formed the inducement to the contract. Appellee has performed its duties pursuant to the contract; it loaned appellants $5,000 at seven percent interest. Appellants had full use of the money, having used it to construct a garage upon their property.

Even if the term of the contract were considered to be an essential ingredient of the bargain, the parties cannot be placed in their former position with respect to the subject matter. Appellants, for whose benefit the contract was performed, would be unjustly enriched if allowed to forgo payment of the balance owing on the outstanding debt.

■ We find that the mistake present in this contract affords no basis for relief to appellants.[2] They received the

2. Appellants have received relief from appellee's violation of the Truth-in-Lending Act; appellee was ordered to pay a $1,000 fine and

benefit of the bargain and must now perform their duties thereunder. Accordingly, no material factual dispute existed which warranted consideration of this matter by a jury. We therefore find that the trial court reached the correct result in granting the motion for judgment n.o.v.[3]

Order affirmed.

attorneys fees for its erroneous computation of the disclosure statement.

3. In light of our disposition, appellants' other issue concerning additional attorney's fees for prevailing on appeal is moot.