J-A04003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CICCONI AUTOMOTIVE, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH DELIKAT | : | |
| | : | |
| Appellant | : | No. 1869 EDA 2021 |

Appeal from the Judgment Entered September 9, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2018-005308

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 18, 2022**

Joseph Delikat appeals from the judgment, entered in the Court of Common Pleas of Delaware County, following a trial *de novo* conducted after Delikat appealed from an arbitration award in favor of appellee, Cicconi Automotive, Inc. ("Cicconi").[1]  After our careful review, we affirm.

Except as noted, the following factual and procedural history is gleaned from the trial court's findings of fact.  On or about May 23, 2017, Delikat arranged to have his 1993 Chevrolet Corvette brought to Louis Cicconi's vehicle repair facility for storage.[2]  Cicconi verbally informed Delikat that the

_____

[1] Cicconi Automotive, Inc. is owned by Louis Cicconi, who was solely involved in the transaction with Delikat and testified on behalf of the corporate entity at trial.  Accordingly, we use male pronouns throughout when referring to "Cicconi."

[2] Delikat's vehicle had been in an accident and was declared a total loss by his insurance company.  **See** N.T. Trial, 6/26/20, at 14, 15.

storage fee was $75.00 per day. In August 2017, Delikat's attorney, Patrick Shea, Esquire, contacted Cicconi and requested that Cicconi release Delikat's vehicle without payment. Attorney Shea acknowledged that Cicconi was entitled to compensation. On August 9, 2017, Delikat's counsel wrote to Cicconi. In that letter, counsel (1) acknowledged that storage fees were accruing, (2) requested a bill for such fees, and (3) stated that the storage fees would be included in a lawsuit against Delikat's insurance company. In late October 2017, counsel again requested a bill, represented that the fees would be included in a lawsuit against the insurer, and requested that Cicconi release the vehicle to Delikat. Cicconi informed Delikat that payment would be required before he released the car.

On or about November 8, 2017, Cicconi faxed a bill to Delikat's counsel, informing him that the charges in connection with the storage of the vehicle were $75.00 per day from May 24, 2017, until the day the vehicle left Cicconi's possession. Counsel acknowledged receipt of the bill on November 14, 2017, and confirmed his understanding that Cicconi required payment before releasing the vehicle to Delikat.

In 2018, Cicconi initiated an action in Delaware County Magisterial District Court to recover the fees owed by Delikat in connection with the storage of his vehicle on Cicconi's premises. Delikat, despite having received notice, failed to attend the hearing, and, on June 26, 2018, a judgment was entered against him and in favor of Cicconi in the amount of $12,000. *See* Cicconi's Proposed Findings of Fact and Conclusions of Law, 8/8/20, at ¶ 11.

- 2 -

Delikat appealed. Because of the amount in controversy, the matter proceeded to compulsory arbitration. Again, despite receiving notice, Delikat failed to appear at the arbitration hearing, and an award was entered in favor of Cicconi in the amount of $11,250.00, reflecting 150 days of storage at $75.00 per day. *See* Report and Award of Arbitrators, 11/22/19. Delikat filed a *de novo* appeal to the Court of Common Pleas. On June 26, 2020, the court held a trial, at which Delikat again failed to appear. Cicconi testified on his own behalf and Attorney Shea testified on Delikat's behalf. Following trial, the court entered judgment for Cicconi in the amount of $84,375.00, representing 1,125 days of storage at the rate of $75.00 per day.

Delikat filed a motion for reconsideration, which the court granted. *See infra*. Ultimately, by order dated November 9, 2020, the court affirmed its prior judgment of $84,375.00. Delikat filed a timely notice of appeal, followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Delikat raises the following claims for our review:

1. Did the trial court err by finding that there had been a meeting of the minds and contract between the parties for [Cicconi] to charge $75.00 per day for the storage of [Delikat's] vehicle?

2. Did the trial court err by finding that [Cicconi] was not required to mitigate his loss for any alleged breach of contract?

3. Did the trial court err by entering an award in favor of [Cicconi that] was excessive, outrageous, unconscionable[,] and not supported by the evidence?

4. Did the trial court err by not taking judicial notice of the relative value of [Delikat's] vehicle, a 1993 Chevrolet Corvette with

[]312,500 miles, which had been declared a total loss by the insurance carrier, when calculating the award entered in favor of [Cicconi] for the storage of that same vehicle[] in the amount of $84,375.00?

5. Did the trial court err by not finding that the insurance carrier for [Delikat] had compensated [Cicconi] for the initial storage costs, when the testimony was that this was the usual and customary practice and [Cicconi] testified that he had no knowledge as to whether or not he had been paid for the initial storage?

6. Did the trial court err by not finding the award excessive, when [Cicconi] testified that the initial written invoice issued by [Cicconi], for the storage costs, had no specific amount charged but based upon the alleged oral contract would have required payment of storage fees of $12,600[.00]?

7. Did the trial court err by entering an award in favor of [Cicconi that] is a "windfall" to [Cicconi]?

8. Was the trial court's decision contrary to the substantial evidence and in capricious disregard of the evidence of record in this matter?

Brief of Appellant, at 8-9 (unnecessary capitalization omitted).

Prior to addressing Delikat's claims, we must determine whether he has properly preserved them for appellate review. Pennsylvania Rule of Civil Procedure 227.1 requires a litigant to file post-trial motions in order to preserve issues for appellate review. Issues not raised in post-trial motions are waived for appeal purposes. *See Lane Enterprises, Inc. v. L.B. Foster Co.*, 710 A.2d 54 (Pa. 1998). "Post-trial motions serve an important function in the adjudicatory process because they provide the trial court with an opportunity to correct errors in its ruling and avert the need for appellate review." *Board of Supervisors of Willistown Township v. Main Line Gardens, Inc.*, 155 A.3d 39, 44 (Pa. 2017) (citation omitted).

- 4 -

Post-trial motions and motions for reconsideration are not interchangeable. *See Karschner v. Karschner*, 703 A.2d 61, 62 n.1 (Pa. Super. 1997). However, where a petitioner erroneously styles an otherwise timely post-trial motion as a motion for reconsideration, we are not required to find those issues waived on appeal. *See Gemini Equipment Co. v. Pennsy Supply, Inc.*, 595 A.2d 1211, 1214 (Pa. Super. 1991). "Both the Rules of Civil Procedure and the Rules of Appellate Procedure authorize the courts of common pleas and the appellate courts, respectively, to overlook any error or defect of procedure which does not affect the substantial rights of the parties." *Vietri ex rel. Vietri v. Delaware Valley High School*, 63 A.3d 1281, 1286 (Pa. Super. 2013) (citations and internal quotation marks omitted). "We will not construe the rules of procedure so narrowly as to allow a minor procedural error to affect the substantive rights of the litigants." *Id.* (citations omitted).

Here, Delikat filed a motion for reconsideration rather than a post-trial motion. The motion was filed within ten days of the trial court's order entering judgment in favor of Cicconi, as required for post-trial motions under Rule 227.1(c). In his motion for reconsideration, Delikat made numerous averments of fact and then stated the following:

18. Without waiving [Delikat's] appellate objections to the conclusions of the trial court on the question of whether or not a valid contract had been formed or whether the [Cicconi] had properly ple[d] for *quantum meruit* relief, **[Delikat] focuses herein exclusively on the issue of damages**.

Motion for Reconsideration, 9/17/20, at ¶ 18 (emphasis added). Delikat then challenged the trial court's finding that a garageman's lien existed, asserted Cicconi's duty to mitigate his damages, and claimed that the judgment amounted to a "windfall" for Cicconi. *See id.* at ¶¶ 19-25. By order dated September 23, 2020, the court granted reconsideration and directed Cicconi to respond to "the issues and caselaw that [Delikat] has raised with respect to the garageman's lien, the duty to mitigate losses, and the purpose of damages in a breach of contract case (and specifically the suggestion that damages may not effectuate a "windfall" for the non-breaching party)." Order, 9/23/20. Cicconi filed an answer to Delikat's motion, as well as a memorandum of law in support thereof. On November 9, 2020, the trial court affirmed its prior order. Delikat then filed his notice of appeal.

Based on the foregoing, we are constrained to conclude that Delikat has waived all of his appellate issues to the extent that they were not raised in his motion for reconsideration and specifically considered by the trial court. *See Gemini Equipment Co.*, *supra* (issues raised in timely motion for reconsideration will not be deemed waived). Accordingly, we conclude that issues one (relating to contract formation), four (relating to court's failure to take judicial notice of the value of Delikat's car), five (relating to court's failure to find Delikat's insurance carrier had compensated Cicconi for initial storage costs), and eight (asserting trial court's error was contrary to, and in capricious disregard of, substantial evidence) are waived for purposes of

appeal. We now proceed to address those claims preserved by Delikat in his motion for reconsideration.[3]

> We begin by noting that:
>
> As an appellate court, we review the trial court's final judgment to determine whether the findings of the trial court are supported by competent evidence, and whether the trial court committed error in the application of the law. ***Bergman v. United Serv. Auto. Ass'n***, 742 A.2d 1101, 1104 (Pa. Super. 1999). Where a trial is held before a judge in a non-jury case, the findings of the trial judge must be given the same weight as a jury verdict. ***Id.*** It is the trial judge's function to evaluate evidence adduced at trial to reach a determination as to the facts. ***Bonenberger v. Nationwide Mut. Ins. Co.***, 791 A.2d 378, 381 ([Pa. Super.] 2002). It is not the role of an appellate court to pass on the credibility of witnesses or to act as the trier of fact, and an appellate court will not substitute its judgment for that of the fact-finder. ***Id.***

***Zimmerman v. Harleysville Mut. Ins. Co.***, 860 A.2d 167, 172 (Pa. Super. 2004).

Delikat's four preserved claims essentially raise two issues: (1) whether Cicconi was required to mitigate his losses and (2) whether the trial court's award was excessive. We first address the issue of mitigation. Delikat argues that, contrary to the trial court's finding, "a failure on the part of the liable

_____

[3] In his brief, Cicconi argues that numerous deficiencies in Delikat's brief—including his failure to include a statement of the scope and standard of review, a conclusion stating the precise relief sought, and a copy of the Rule 1925(b) statement, as well as the lack of citations to the record—require that we dismiss Delikat's appeal. ***See*** Brief of Appellee, at 10-14. While we agree that Delikat's brief fails in numerous respects to comply with the Rules of Appellate Procedure, we nonetheless conclude that, in this case, these deficiencies are not fatal to meaningful appellate review. Accordingly, we decline to dismiss Delikat's appeal to the extent that he has preserved issues for review.

party [to mitigate damages] does not excuse the injured party" from doing so. *Id.* at 17. Delikat argues that the trial court made no findings as to Cicconi's efforts to mitigate his damages and claims that Cicconi did not, in fact, make any such effort. Delikat asserts that, "had a [g]arageman's [l]ien been proven and property [pled], the remedy for a default by the owner of the vehicle would be for the mechanic . . . to take steps to sell the vehicle at[ ]issue to obtain compensation for [his] losses." *Id.* at 19. Under the garageman's lien statute, Delikat argues—without citation to authority—that Cicconi "would have been entitled to damages roughly commensurate with the salvage value of the vehicle," which he asserts was $542.00. Brief of Appellant, at 19-20. He is entitled to no relief.

The trial court, the Honorable Kelly D. Eckel, addressed the issue of mitigation as follows:

> [Delikat] contends that [Cicconi] should have been required to mitigate his losses for the alleged breach of contract. The [c]ourt agrees with [Delikat] that the aggrieved party has a duty to mitigate damages. *See Ecksel v. Orleans Const. Co.*, 519 A.2d 1021, 1028 ([Pa. Super.] 1987). However, the burden lies with the party who breaches the contract—here, [Delikat]—to show how further loss could have been avoided through reasonable efforts. *Id.* [Delikat] did not meet this burden; he merely asserts that [Cicconi] should have sold and recouped the value of the vehicle, but as discussed above, this is not the exclusive remedy under the applicable statute. [Delikat] further argues that had [Cicconi] submitted to the requests of [Delikat] to release the vehicle, damages could have been reduced. This argument is unavailing. Releasing a car without receiving payment for storage services, based on terms previously conveyed, is not a reasonable effort on the part of an aggrieved party to mitigate its damages. Moreover, the [c]ourt found, through [Cicconi's] testimony, that [Cicconi] did take reasonable efforts to mitigate damages by

repeatedly calling [Delikat's] attorneys "two and three times a day for months" to have them remove the vehicle from his possession. *See* N.T. [Trial, 6/26/20,] at 17[.] Additionally, [Delikat] had an equal opportunity to mitigate damages by paying the storage fee and removing his vehicle from [Cicconi's] premises, or by issuing a writ of replevin at the appropriate time, but chose not to do so. *See Ecksel*, 519 A.2d at 1028 ("an injured party is not obligated to mitigate damages when both he and the liable party had an equal opportunity to do so") (citing *Loyal Christian Benefit Ass'n v. Bender*, 493 A.2d 760 (Pa. Super. [] 1985)); *see also* 6 P.S. § 11 (owner of property, upon disputing bill, may issue a writ of replevin within thirty days of nonpayment). [Delikat] did none of these things.

Trial Court Opinion, 2/3/21, at 4-5.

Upon review of the record, we can discern no error of law or abuse of discretion in Judge Eckel's determination. The trial court, as fact-finder, credited Cicconi's testimony regarding his attempts to mitigate his losses, and we are constrained to defer to Judge Eckel's judgment regarding Cicconi's credibility. *Zimmerman*, *supra*. Moreover, as was his practice throughout the life of this matter, Delikat failed to appear and testify on his own behalf at trial. Accordingly, the court was within its discretion to infer that whatever testimony Delikat may have given would have been unfavorable to him. *Interest of L.K.*, 237 A.3d 471 (Pa. Super. 2020) ("It is a well-established rule in civil proceedings that a party's failure to testify can support an inference that whatever testimony he would have given would have been unfavorable to him."). *See also Beers v. Muth*, 151 A.2d 465 (Pa. 1959) ("Where evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and, without

satisfactory explanation he fails to do so, the [fact-finder] may draw an inference that it would be unfavorable to him.").

Delikat also asserts that the court's award in favor of Cicconi was a "windfall" in light of the value of the vehicle and that the court erred in failing to find the award excessive. Delikat's argument, which is unsupported by any citations to case law or the record, appears to be as follows: Because Cicconi did not submit a bill to him until November 2017, "[i]t is entirely inconsistent and lacking credibility that [Cicconi] believed that he had a valid, binding oral contract for storage or $75.00 per day . . . when he failed to bill or invoice any party . . . for the first 168 days after the vehicle had been towed to his shop." Brief of Appellant, at 22. Delikat also baldly asserts that "[c]learly[,] the verdict is a windfall to [Cicconi,] as [Cicconi] looks to recover $84,375.00 for the storage of a vehicle [that] had been declared a total loss and . . . had an estimated value of $542.00[.]" *Id.* at 23. Again, he is entitled to no relief.

Preliminarily, we note that, to the extent that Delikat's "windfall" argument relies on his assertion that no contract existed between him and Cicconi, the claim has been waived for failure to include it in his motion for reconsideration. **Lane Enterprises, Inc.**, **supra** (issues not raised in post-trial motions waived on appeal). **See also** Motion for Reconsideration, 9/17/20, at ¶ 18 (explicitly declining to raise contract formation issue and focusing "exclusively on the issue of damages").

The trial court addressed this issue as follows:

[Delikat] contends that the $84,375[.00] award entered in favor of [Cicconi] was excessive and a "windfall" to him due to [Delikat's] estimated salvage value of the vehicle and the fact that the initial invoice for storage was only $12,600.[00.] It should be noted that [Delikat's] estimated salvage value of $542[.00] to $2,007[.00] and Appellee's higher estimated value of $49,900[.00], both of which were exhibits attached to their filings related to the Motion for Reconsideration, were not part of the trial record. There is no evidence in the record to support the contention that the amount of damages was excessive. As discussed in the [c]ourt's November 9, 2020 [o]rder, the [c]ourt calculated the damages based on the terms of the contract between the parties as supported by the evidence at trial. The fact that the initial storage invoice was for $12,600[.00] is irrelevant to the final award because [Delikat] allowed fees to accrue every day that he did not pay the storage fee and collect his vehicle from [Cicconi's] care. Further, there was no windfall to [Cicconi.] On reconsideration, [Delikat] argued the proper remedy for [Cicconi] was "to sell the vehicle in question, terminate the continuing storage costs and recoup the value of the vehicle." As previously discussed in the November 9, 2020 [o]rder, the statutes governing garagemen's liens—see 6 [P.S.] §§ 11 & 15 (West 2020)—allow for sale of the property to which the lien has attached[,] but do not require such remedy. Also, as stated above, there was no evidence introduced at trial as to the value of the vehicle. The amount of the [c]ourt's award was neither arbitrary nor contrary to the evidence of record.

Trial Court Opinion, 2/3/21, at 3-4 (citation to record omitted).

Once again, we can discern no abuse of discretion or error of law on the part of the trial court. Cicconi's trial testimony—which the trial court credited—demonstrated that there was an oral agreement between the two parties for Cicconi to store Delikat's vehicle on his premises for a fee of $75.00 per day. Cicconi repeatedly attempted to contact Delikat through Delikat's attorneys, but was unable to do so. Delikat, aware that his vehicle was stored on Cicconi's premises and that daily fees were accruing, failed to make arrangements to remove the vehicle. Incredibly, following an adverse ruling

in Magisterial District Court—and after failing to appear for that hearing—Delikat continued to litigate (and to fail to appear in court), all the while accruing additional storage fees. Delikat could have, at any time, paid his bill and retrieved his vehicle from Cicconi's lot. He failed to do so and, thus, must pay Cicconi the storage fees to which he is entitled pursuant to the parties' agreement.

Judgment affirmed.

McLaughlin, J., Joins this Memorandum.

Nichols, J., Concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2022